# Farver v. American Car and Foundry Company, Appellant.

*Nuisance—Action of trespass—Smoke and gas—Vibrations—Foundry plant—Province of court and jury.*

In an action of trespass against a corporation owning and operating an extensive car and foundry plant the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence though contradicted tends to show that large volumes of smoke, gas and sulphurous fumes were carried into plaintiff's dwelling house, thereby subjecting him and his family to great discomfort and distress; that the windows of the house had to be kept closed in hot weather; that the family were unable to use the porch; and that the operation of steam hammers caused a vibration of the house and disturbed the sleep of the occupants.

It is not necessary for the plaintiff to show that the business of the defendant was carried on recklessly or not properly managed.

In such a case evidence that the members of plaintiff's family were made ill or could not sleep, is properly admissible.

The measure of damages is compensation for the injury to the reasonable use of the property, for the effect upon health and for actual physical discomfort, to be determined by the jury according to their best judgment and sound discretion.

Argued Jan. 12, 1904. Appeal, No. 19, Jan. T., 1904, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1900, No. 299, on verdict for plaintiff in case of George Farver v. American Car and Foundry Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-Affirmed.

Trespass for nuisance. Before LITTLE, P. J.

At the trial it appeared that the defendant owned and operated an extensive car and foundry plant, and that in the course of its business it poured into plaintiff's residence, a few feet distant, volumes of smoke, gas and sulphurous fumes, and also caused a vibration of the house by the operation of steam hammers.

Plaintiff was asked this question :

Q. What effect has it upon you in the way of headaches and nausea ?

Mr. Scarlet : We object. It is irrelevant to any issue that is here joined.

The Court : The objection is overruled and the evidence is admitted. Exception noted for defendant and bill sealed. [3]

Mr. Ikeler : Q. What was the effect upon your health ? A. It gave me pain in my stomach and I would have no relief until I would throw up everything out of my stomach that was in it. Q. When would that usually occur, what time of day ? A. It would happen nearly every day. Q. What time of day generally would that occur : morning, noon or night ? A. Generally in the morning.

Roy Sides, a witness for plaintiff and a boarder, being sworn, testified :

Q. What effect had it upon any one sleeping in the room ?

Mr. Scarlet : Objected to ; not competent.

The Court : What effect if any did it have ?

Mr. Ikeler : What effect if any did it have ?

The Court : I suppose it is the same line as the evidence al-

ready admitted. The objection is overruled and evidence admitted. Exception noted and bill sealed for the defendant. [4]

Mr. Ikeler: What effect did it have upon the occupant of the room, especially as to sleep? A. The sulphur came in and the smoke was so bad I had to shut the windows down.

Q. Then how was your sleep affected? A. It was too warm.

The court charged in part as follows :

[It is really difficult to give a very satisfactory rule for the admeasurement of damages in cases such as this ; and the only thing we can say to you in that regard is that if you find a verdict for the plaintiff, you should compensate him for the injury sustained by him in being deprived of the reasonable use of his property, and for personal discomfort. The jury must use their best discretion and judgment in fixing the amount he is entitled to recover, if anything.

You will understand that we have eliminated from your consideration everything in respect to the sewer. You will consider only these two elements constituting the nuisance complained of: the dirt and smoke, and the noise from the steam hammer. If you find that these are a nuisance and interfere with the comfortable and reasonable use of his property, and from a fair preponderance of evidence believe that he has suffered damages; you will award them. This is the only rule we have to give you.] [5]

Defendant presented these points :

1. That plaintiff having shown that the damages to him from smoke and soot and steam from defendant's plant is not in its nature different from that common to the neighborhood, and having shown that he occupies and continues to occupy the premises, and that they have not been rendered uninhabitable and unendurable, but that he still uses them to their full capacity as a boarding house, and having failed to allege and show that his health has been affected by the said smoke and soot and sulphur, and having shown that the sewer in question was placed there by the predecessors in title of the defendant, and having failed to show any notice to the purchaser of this defect so as to charge the defendant with its continuance, and having shown that the overflow therefrom was due to an accident and

that this was abated at once, there can be no recovery. *Answer :* Refused. [1]

2. That under all the evidence in the case the verdict must be for the defendant. *Answer :* Refused. [2].

Verdict and judgment for plaintiff for $819.17. Defendant appealed.

*Error assigned* was the judgment of the court.

*James Scarlet,* with him *C. C. Evans* and *T. J. Vanderslice,* for appellant.—The test of reasonableness in the use of property is the rule and this test takes into consideration, the customs of the people, the characteristics of their business, the common uses of property and the peculiar circumstances of the place : Huckenstine's App., 70 Pa. 102; Bennington v. Kline, 6 W. N. C. 281 ; Price v. Grantz, 118 Pa. 402; Robb v. Carnegie, 145 Pa. 324.

It is not alleged in the declaration that the business of the defendant is unlawful nor is it alleged that it was conducted in a negligent manner, therefore, the plaintiff without proof and charging negligence in the conduct of its business, there could be no recovery : Keiser v. Gas Co., 143 Pa. 276 ; Fischer v. Sanford, 12 Pa. Superior Ct. 435 ; Robb v. Carnegie, 145 Pa. 324.

Evidence as to illness was improperly admitted : Alexander v. Stewart Bread Co., 21 Pa. Superior Ct. 526 ; Keiser v. Gas Co., 143 Pa. 276.

The instruction as to damages was wholly inadequate and at variance with the rule laid down by the Supreme Court in Herbert v. Rainey, 162 Pa. 525.

*Fred Ikeler,* of *Ikeler & Ikeler,* with him *H. Mont Smith,* for appellee.—The criterion of liability for a supposed private nuisance affecting bodily comfort is, whether the inconvenience should be considered as one of mere delicacy or fastidiousness, or an inconvenience materially interfering with the ordinary comfort of human existence : Bennington et ux. v. Kline et al., 6 W. N. C. 281 ; Price v. Grantz, 118 Pa. 402; Gavigan v. Atlantic Refining Co., 186 Pa. 604.

We respectfully submit that the charge of the court below on the question of damages, no injury to the real estate having

been shown, was simply a compliance with the decision of the Supreme Court in Gavigan v. Refining Co., 186 Pa. 604.

OPINION BY HENDERSON, J., March 14, 1904:

The right of the plaintiff to the use and enjoyment of his own property cannot be questioned. The general obligation of the defendant to so use its property as not to injure others is equally clear. Its right to injure its neighbor only exists under special circumstances arising from necessity in the enjoyment of its own property. "The defendant's right to injure another's land at all to any extent is an exception, and the burden is always upon him to bring himself within it:" Pfeiffer v. Brown, 165 Pa. 267. To secure exemption under the exception referred to, it must be made to appear that the injury complained of results from the natural use and enjoyment of the defendant's property. With this exception, every owner holds his property on the implied obligation that he will so use it as not to prevent another owner from enjoying the use of his property. This principle was said in Dennis v. Eckhardt, 3 Grant, 390, to be essential to the maintenance of civilization itself. The use of property beyond this limit resulting in injury of a substantial character creates a nuisance. The defendant is not engaged in the exercise of a public franchise, and its charter gives to it no greater right than would belong to an individual; nor does the fact that it is largely engaged in business secure to it an immunity not belonging to one operating less extensively. It is doubtless true that the business in which the defendant is engaged is of great public importance, but it has no standing different from that of other manufacturing enterprises. It is a private business conducted for private gain, and under the absolute control of the owner. It is promoting its own interests in its own way. The investment of a large amount of money does not secure the right to injure one having a comparatively small estate, nor does the erection of extensive works justify the violation of another's right: Penna. Lead Co.'s App., 96 Pa. 116; Evans v. Reading Chemical Fertilizing Co., 160 Pa. 209; Robb v. Carnegie, 145 Pa. 324; Gavigan v. Atlantic Refining Co., 186 Pa. 604; Campbell v. Bessemer Coke Co., 23 Pa. Superior Ct. 374.

The plaintiff's evidence tended to show that he became the owner of his property in 1882. Several years afterward and shortly before the plaintiff became the owner of the plant, forges were erected within about eighty feet of the plaintiff's house. After the plaintiff took possession, additional forges were erected. The stacks were about thirty feet high, with dampers at the top, interfering with the upward flow of the smoke and gas. Large volumes of smoke, gas, and sulphurous fumes were carried onto the plaintiff's premises and into his house, thereby subjecting him and his family to great discomfort and distress. It was at times necessary to close the windows of the house in warm weather, and the plaintiff and his family were prevented from occupying the porch because of the smoke and fumes emitted from the stacks. Their sleep was also disturbed by the vibrations caused by steam hammers erected near the plaintiff's house. The evidence in the case was contradictory, and it became a question of fact therefore for the jury whether the defendants plant was a nuisance or not. It was not necessary for the plaintiff to show that the business of the defendant was carried on recklessly or not properly managed. His case was made out if he showed that the defendant's business, though lawful in itself, was carried, on greatly to his injury: Gavigan v. Refining Co., supra. The plaintiff must show that the injury was not one common to those living in the vicinity of the plant, but one peculiar to him and substantial in its character. This also is a question of fact which was properly submitted to the jury.

The evidence excepted to in the third and fourth assignments of error was competent for the purpose for which it was offered. It was not introduced as a basis for recovery for physical injury, but to show the character of the nuisance complained of by the plaintiff. It was averred in the declaration that the plaintiff's home was rendered uncomfortable, unhealthy, and filled with noxious and offensive vapors, fumes, smoke and smell. This charge might be sustained not only by evidence of what could be seen, but also by evidence of what could be felt. The effect of the facts complained of on the inmates of the house as tending to prove a nuisance was clearly admissible.

As no injury to the real estate was shown, the rule for the

measure of damages stated in Gavigan v. Refining Co., supra, is applicable in this case. The cases are not distinguishable in principle, and the injuries complained of are practically the same.

The judgment is affirmed.