## CITY OF LAWTON v. SCHWARZ.

No. 17658. Opinion Filed Oct. 11, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

1. **Limitation of Actions—Action Against City for Damages from Negligent Operation of Sewage Disposal Plant—Successive Recoveries Allowable.**

Successive recoveries are authorized under the law, for damages accruing from time to time because of the failure of a municipal corporation to keep its sewage disposal plant in repair, and because of failure to operate the same in a proper manner. In such cases the statute of limitations begins to run only from the time each successive injury occurs.

2. **Same—Evidence of Condition of Premises Prior to Period of Limitation—Purpose of Evidence Properly Limited.**

In an action for damages for the maintenance of a nuisance, where the statute of

limitations is invoked, it is not error to admit evidence of the condition of the alleged nuisance prior to the period of limitation, where the court announced, upon admission of such evidence, that the same should be disregarded on the question of damages and the jury was properly instructed as to the measure of damages and the period during which recovery might be had.

Commissioners' Opinion, Division No. 2.

Error from District Court, Comanche County; E. L. Richardson, Judge.

Action by Jacob F. Schwarz against the City of Lawton, Okla. Judgment for plaintiff, and defendant appeals. Affirmed.

Black & Black, for plaintiff in error.

Parmenter, Parmenter & O'Neal, for defendant in error.

HERR, C. This case presents error from the district court of Comanche county.

On the 27th day of June, 1926, defendant in error recovered judgment against plaintiff in error in the sum of $1,000 damages alleged to have occurred by reason of the negligent operation and failure on the part of the defendant to keep in repair its sewage disposal plant. To reverse this judgment, plaintiff in error appeals to this court.

The parties will be referred to as they appeared in the trial court; that is, plaintiff in error will be referred to as defendant, and the defendant in error as plaintiff.

It is contended by defendant that plaintiff's cause of action, if any he had, is barred by the statute of limitation, and that the court, for this reason, erred in overruling its demurrer to the petition. The plaintiff alleges that the defendant, city of Lawton, was the owner of and maintained in said city a sewer system through which it disposed of the entire sewage of the city; that the city, for the past 15 years, had discharged said sewage through said sewer into Cache creek, a natural water course and a flowing stream which runs across plaintiff's land, and that such sewage had been carried by said creek upon and over plaintiff's land, thus poisoning the water in the wells of plaintiff and making the same unfit for domestic use and for the use of plaintiff's live stock; that the filth and sewage so turned upon and over plaintiff's land, upon which land plaintiff made his home, made his said home an unfit and unhealthful place in which to live, and as a result of the stench created therefrom, said plaintiff was compelled to move therefrom and provide a separate home for himself and family. The petition of the plaintiff contains the following additional allegation:

"That the city did at one time install and operate a sewage disposal plant, but that said city had continuously failed, neglected and refused to continue its operation, has permitted it to become wholly useless and worthless for the purpose of disposing of sewage, permitted it to become rusty, worn out, dilapidated, and its use has been wholly abandoned for many years last past. That if said sewage disposal plant had been properly handled, kept clean and in repair, the conditions herein complained of would not now prevail, and by the installing of a new sewage disposal plant said sewage could be disposed of without injury or damage to plaintiff."

Plaintiff alleges that by reason of the matters and things set out in said petition, he was damaged for the two years next preceding the filing of said petition in the amount of $8,000.

Counsel for defendant, in their brief, say:

"The injury, if any, commenced at the time of the installation of the system, and plaintiff's damages, if any, has been the necessary result of a continuance of ordinary conditions since the day the system was placed in operation. In other words, this nuisance, if it be considered such, is permanent and nonabatable, and the cause of action for injury resulting therefrom arose at the time of construction of the improvement."

This identical proposition was before this court in the case of the City of Lawton v. Johnstone, 92 Okla. 280, 219 Pac. 414, in which case this identical sewage disposal plant was involved, the allegations of the petition being practically the same as the allegations of the petition in the instant case. The same counsel appeared for the plaintiff in that case as appear for the plaintiff in this case. The holding of the court in said case is as follows:

"Successive recoveries are authorized under the law, for damages accruing from time to time because of the failure of a municipal corporation to keep its sewage disposal plant in repair, and because of failure to operate the same in a proper manner."

In the above cited case, it appears that the plaintiff, Johnstone, recovered damage against the defendant city of Lawton, in the year 1913, resulting from the negligent operation of this plant during the years 1911 and 1912. In 1919 the said plaintiff filed another suit to recover from said defendant damages alleged to have occurred by reason of negligent operation of the said plant during the years of 1916 and 1917. The

defendant, city of Lawton, sought, as a defense in the latter suit, to plead the judgment in the former. The trial court held the former judgment not available as a defense in the later suit. In reviewing the case on appeal, this court, at page 281 of the opinion, says:

"Plaintiff's complaint is that the defendant has permitted the plant to get out of repair so that it does not properly function so as to accomplish the purpose intended and of which it is presumably capable. Her allegation in reference to the sewage disposal plant is:

" 'That the same has been permitted to become and remain out of repair so that the sewage has neither been destroyed nor disposed of, but has been permitted to accumulate upon and around said sewage disposal tank until the same has become filthy and obnoxious, * * * but as a result of the failure of the defendant to properly take care of and dispose of said sewage the plaintiff has been damaged. * * *'

"In the first action filed by the plaintiff, it appears that plaintiff sought to recover because defendant had unlawfully constructed the sewer in such proximity to her property as to destroy its usable value during the years of 1911 and 1912, and otherwise annoy her for that period. She did not claim to own the realty in either case, but in both cases claimed to be rightfully in possession and entitled to the use thereof, and to own the improvements thereon. She based her right of recovery in both cases upon injury done her through a period next before the filing of the suit. Nothing appears from the original petition indicating that she was attempting to recover for permanent and prospective loss and injury. We find nothing in the first suit that would bar the second action or preclude a recovery because of the things complained of in the case now under consideration."

This court, in the case of City of Lawton v. Wilson, No. 17615, decided September 27, 1927, 127 Okla. 40, 259 Pac. 650, holds:

"Where an action is brought against a municipal corporation for damages on account of the negligent operation of its sewage disposal plant and such acts of negligence are shown to have occurred within two years prior to the institution of said suit, a plea of the statute of limitations * * * will not bar a recovery thereon, although it is shown that the said disposal plant was installed 15 years prior to the institution of said action."

Plaintiff in the instant case bases his cause of action upon the neglect of the defendant to keep in repair and properly operate its sewage disposal plant, and alleges that the condition complained of can readily be remedied by properly repairing and operating said plant, and that the same can be remedied by the use of labor and the expenditure of money.

In such cases, the statute of limitation begins to run only from the time each injury occurs. Under the allegations contained in the petition in this case, following the rule announced in the cases above cited, we hold that plaintiff's cause of action was not barred by the statute of limitation and that the court ruled correctly in overruling defendant's demurrer to the petition.

It is next contended that the court erred in admitting certain evidence over the objections of the defendant. At the trial of the case, while plaintiff was testifying as a witness in his own behalf, the record discloses the following proceedings:

"Q. Did you have any sickness there before you moved away? A. Yes, sir. Q. What was it? A. I had typhoid fever, and my brother did and died, and I thought it best to move away from there. By the Court: Was that during this period? A. No, sir. By Mr. Black: We object to that as not within the period. By the Court: Overruled. By Mr. Black: To which ruling of the court the defendant excepts. (Exceptions are by the court allowed)."

On cross-examination, witness testified as follows:

"When did you have fever down there? A. In 1910. Q. You stayed there until when? A. Two years later, and my brother taken sick and died. Q. You haven't lived on the place since when? A. About 1912. By Mr. Black: We ask that all of the testimony be stricken and the jury be instructed to disregard it. By the Court: It will be disregarded as a matter of damages."

We think in the manner in which this testimony was limited, it was properly admitted, the jury were properly instructed as to the measure of damages, and also instructed that plaintiff's recovery must be confined to the damages resulting from August 30, 1922, to August 30, 1924.

The following rule was laid down in the case of Morrow v. Florence Mills (N. C.) 107 S. E. 445:

"In an action for damages for the maintenance of a nuisance, where the defendant pleaded the statute of limitation as against all acts occurring more than three years before the commencement of the action, it was not error to admit evidence of acts before the period of limitation which amounted to a nuisance, when such evidence was expressly restricted by the court to the question of liability, and the jury were instructed not

to allow the recovery of any damages resulting from such acts."

The same proposition was before the Supreme court of West Virginia in the case of Pickens v. Coal River Boom & T. Company, 65 S. E. 865, 24 L. R. A. (N. S.) 354.

In the last above cited case it was held, on petition for rehearing, that evidence as to the condition of the nuisance might be received at a time beyond the limitation period.

In the case of Farver v. American Car Co., 24 Pa. Super. Ct. 579, it was held, in a case of this character, that evidence to the effect that members of plaintiff's family were made ill by and could not sleep because of the nuisance is admissible.

Finding no error in the record, judgment of the trial court should be affirmed.

BENNETT, HALL, FOSTER, and JEFFREY, Commissioners, concur.

Note.—See under (1) 37 C. J. pp. 883, 884, §249; pp. 888, 889, §251; 29 Cyc. p. 1255; 17 R. C. L. p. 717; 3 R. C. L. Supp.p. 724. (2) 43 C. J. p. 1264, §2027 (Anno); 29 Cyc. p. 1266.