## CROWE v. PETERS.

No. 22911.    April 9, 1935.

MacDonald & MacDonald, for plaintiff in error.

Utterback & Stinson, for defendant in error.

PER CURIAM. The parties appear in the same capacity in the Supreme Court as they did in the trial court.

Plaintiff filed his petition seeking to recover damages against Lucy Peters and Page Williams caused to his truck by automobile owned by Lucy Peters and driven by Page Williams. The details of the accident are set forth in the petition.

Plaintiff alleges Page Williams was the chauffeur of Lucy Peters, and as a result of the accident, he sustained damage to his truck in the sum of $705.50. The defendant, Lucy Peters, filed an answer consisting of a general denial and an affirmative plea of contributory negligence. To this answer, plaintiff filed a general denial.

Page Williams does not appear to have been served with process—at least, no pleading was filed on his behalf and he did not participate in the trial.

It is unnecessary to discuss the evidence in so far as the question of negligence is involved; sufficient to say, as to Page Williams, had he participated in the trial, there was sufficient evidence as to his negligence to require the submission of the cause to a jury.

The uncontradicted evidence offered established the car driven by Page Williams was owned by Mrs. Peters, and on many occasions Page Williams drove the automobile for Lucy Peters. Some time prior to the accident, Sarah Self requested Lucy Peters to lend her the car to go to Hugo to get her daughter, Ethel, who was attending school at Hugo. Lucy Peters consented to the use of her car on condition that Sarah Self have one of the boys drive it. Sarah Self requested Jessie Yarbey to drive the car and he was satisfactory to Lucy Peters. It appears there were a number of guests in the car who were riding with the permission of Sarah Self. Apparently, Page Williams was one of the occupants and drove the car on the return trip from Hugo and the accident occurred while he was driving the car.

There is no evidence in the record which would tend to establish knowledge of Lucy Peters that Page was driving the car. At the conclusion of the testimony, Lucy Peters requested the court to instruct the jury to return a verdict in favor of the defendant, and this was done on the theory that Lucy Peters had loaned the car to Sarah Self and the relation of master and servant did not exist between Lucy Peters and Page Williams, who drove the car.

The appeal is prosecuted from the order sustaining the motion for an instructed verdict.

The law is established in this state by repeated decisions that the owner of an automobile is not liable for damages caused by a driver of the automobile where it is alleged the relation of master and servant existed, unless it is first established the re-lation of master and servant actually existed and the driver of the car was at the time in the performance of his duties as servant. DeCamp et al. v. Comerford, 134 Okla. 145, 272 P. 475. In this case the evidence introduced does not meet the aforesaid requirements in two respects: First, the uncontradicted evidence shows Page Williams was not acting as the servant of Lucy Peters at the time of the accident; and, second, if the relationship of master and servant did exist, the services performed by Page Williams were for Sarah Self and not for Lucy Peters. There are other decisions of this court announcing the same rule as that set forth in DeCamp v. Comerford, supra.

It is argued because Page Williams at times acted as the servant of Lucy Peters and was at the time driving her car, the presumption would be he was acting as the agent of Lucy Peters, and plaintiff cites in support thereof McNeal v. McKain, 33 Okla. 449, 126 P. 742. However, the presumption, if such exists under the present decisions of this court, was overcome by the uncontradicted evidence to the contrary. Lucy Peters, apparently, did not know Page Williams was driving the car, and if she knew it, she knew the services were being performed for Sarah Self who temporarily had control of the automobile, and the services performed by Page Williams were not performed in connection with any of the duties which he owed to Lucy Peters, granting the relation of master and servant existed.

The case of McNeal v. McKain, supra, in its application to the case under consideration, has been departed from in Carder v. Martin, 120 Okla. 179, 250 P. 906, and Jamar v. Brightwell, 162 Okla. 124, 19 P. (2d) 366, that is, if, as contended, McNeal v. McKain, supra, seeks to establish an irrebuttable presumption that proof of existence of relation of master and servant continues though the uncontradicted evidence is to the contrary.

Some evidence was introduced showing that shortly after the accident Lucy Peters agreed to pay the cost of repairing the plaintiff's truck. That was denied, but it is not an issue in the case for the reason the action is brought to recover damages claimed to have arisen out of the negligence of Page Williams for which Lucy Peters would be liable, and is not brought to recover on contract arising out of the promise of Lucy Peters to repair the car.

It is unnecessary to discuss the facts concerning the injury, as Page Williams is not before the court, and, under the uncontra-

dicted evidence in the case, Lucy Peters would not be liable for the negligence of Page Williams.

In a case of this kind, where the evidence and all reasonable and logical inferences therefrom fail to establish a liability in favor of the plaintiff and against the defendant, it is not error for the court to direct the jury to return a verdict for the defendant as was done in this case. See cases cited above.

There being no reversible error, the cause is affirmed.

The Supreme Court acknowledges the aid of Attorneys Russell G. Lowe, A. J. Biddison, and Hunter L. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lowe, and approved by Mr. Biddison and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.