## OKLAHOMA CITY v. DYER et al.

No. 26023.    Oct. 13, 1936.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

T. Keeler Quillin, C. E. McAfee, and Willingham & Fariss, for defendants in error.

OSBORN, V. C. J. This action was instituted in the district court of Oklahoma county by U. S. Dyer and Hattie Dyer, as plaintiffs, against the city of Oklahoma City, as defendant, to recover damages caused by the pollution of the North Canadian river. The cause was tried to a jury, and a verdict was rendered in favor of plaintiffs for $700. By direction of the trial court a remittitur of $200 was filed, and judgment was rendered in favor of plaintiffs for $500, from which judgment defendant has appealed.

Plaintiffs allege that they are the owners and in possession of the southwest quarter of

section 25, township 13 north, range 2 west, in Oklahoma county; that the North Canadian river runs across a portion of said land. It is alleged that defendant emptied its sewage into said river, thereby creating foul and noxious odors in the vicinity of plaintiffs' property, resulting in damage to plaintiffs. The petition was filed on February 7, 1929. On April 4, 1934, the date of the trial, a supplemental petition was filed in which it was alleged that the pollution had continued from the date of filing the original petition until said trial date.

It is contended, first, that the trial court never acquired jurisdiction over this defendant. In this connection it appears that the petition and supplemental petition were filed against "Oklahoma City, Oklahoma;" that article 1, section 1, of the charter of Oklahoma City provides that it shall be a municipal corporation under the name, "The City of Oklahoma City." A motion to quash the service of summons was filed on the ground that the city was not sued in its true corporate name. The motion was overruled. In its answer defendant reserved the question of jurisdiction. It appears that summons was issued and served upon the mayor of the city of Oklahoma City; that special appearance was made and pleadings were filed by the municipal counselor of the city of Oklahoma City. It further appears that the claims of plaintiffs were vigorously contested in the district court and that a trial was had upon the merits of the action. We therefore conclude that the failure of plaintiffs to include the full name of the defendant city in its pleadings constituted a defect or error in pleading which did not affect the substantial rights of defendant (section 252, O. S. 1931) and does not justify a reversal of this cause.

Complaint is made of certain instructions of the court which allowed the jury to consider damages accruing within two years prior to the filing of the original petition on February 7, 1929, and up to the date of the trial. The cause was tried on April 4, 1934. As heretofore stated, on that date a supplemental petition was filed alleging the pollution of the stream up to said date. The court's minutes show that the original answer was considered refiled to the amended petition without prejudice to trial. Section 256, O. S. 1931, provides:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

The petition and the supplemental petition are to be considered together as constituting the statement of plaintiffs' cause of action as if all of the facts stated in both were embodied in a single pleading. Reynolds v. Hill, 28 Okla. 533, 114 P. 1108. Damages accruing after the filing of the original petition because of the continuance of the nuisance may be assessed under an amended petition showing the subsequent damages. Note 38, A. L. R. 1400. There was no error in the instructions of the court on this point.

Further contentions relate to the issue of the measure of damages. It appears that plaintiffs moved on the property in November, 1932, and had lived thereon to the date of trial, or a period of approximately 16 months. Prior to that time the property had been rented to tenants. In the year 1932, the property was rented for a cash rent of $100. For the other years the property was rented on a crop rental basis. Plaintiff called two witnesses who were experienced in dealing with real estate and qualified as being acquainted generally with rental values in the vicinity of plaintiffs' farm. These witnesses testified that without the pollution of the stream the rental value of the property would be from $250 to $300 per annum; that in view of the unfavorable living conditions caused by the noxious odors arising from the polluted stream, the rental value of the property had depreciated from 40 to 50 per cent. One of the witnesses testified that in his opinion, under the conditions existing by reason of the polluted stream, "it would be quite difficult to get a first class tenant to go there." Objection was made to the admission of the evidence relating to the reasonable rental value of the property on the ground that the witnesses were not shown to be qualified. The qualifications of a witness with respect to knowledge or special experience is a matter resting largely in the discretion of the trial court, whose determination is usually final and will not be disturbed except in extreme cases where it is manifest that the trial court has fallen into extreme error or has abused its discretion and that prejudice to the complaining party has resulted. Bell v. Tackett, 134 Okla. 164, 272 P. 461; Toombs v. Cummings, 151 Okla. 166, 3 P. (2d) 177. An examination of the testimony of plaintiffs' expert witnesses does not disclose an abuse of discretion by the trial court in permitting them to testify.

The nuisance involved herein was temporary. It is the universal rule that the measure of damages in such cases is the depreciation of the rental value of the property caused by the nuisance. 38 A. L. R. 1388-

**622**

1389. For the period of time involved herein for which the land was rented to tenants, plaintiffs' recovery would be measured by said rule. Plaintiffs, however, lived on the premises for a period of approximately 16 months. If during said period of time plaintiffs sustained physical discomfort, annoyance, and inconvenience on account of the noxious odors arising from the polluted stream, there would arise for the consideration of the jury an element of damages separate and distinct from the depreciated rental value of the property. Oklahoma City v. Eylar, 177 Okla. 616, 61 P. (2d) 649, this day decided. The trial court instructed the' jury that the measure of plaintiffs' damage was the diminution of the rental value of the property due to the pollution of the stream. The jury was also told in another instruction that it might consider the annoyance caused by the obnoxious and offensive odors if any had been shown by a preponderance of the evidence, since the plaintiffs moved on the premises and during the period which they occupied the same. There is no error in the instructions of the trial court relating to the measure of damages.

The evidence of depreciated rental value of the property on account of the nuisance was properly admitted as the sole measure of the plaintiffs' damages for the period of time in which the property was occupied by tenants. It is the theory of defendant that no loss was sustained by plaintiff due to depreciated rental value, since for the greater portion of the period of time involved, the land was rented on a crop rental basis and that the pollution of the stream did not affect the yield of the crops. This theory was submitted to the jury as an element of mitigation of damages. From all of the evidence introduced it appears that the jury was enabled to arrive at a fair computation of the amount which plaintiffs were entitled to recover. For the period of approximately seven years involved herein, the recovery was $500. It does not appear that said recovery is excessive.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. GIBSON, J., concurs in part and dissents in part. RILEY, J., absent.