## CITY OF ALTUS v. SMALLING.

No. 28930. Oct. 31, 1939.

L. A. Pelley, City Atty., of Altus, for plaintiff in error.

L. B. Yates, of Altus, for defendant in error.

GIBSON, J. The city of Altus, Okla., ap-

peals from a judgment against it for damages arising from the sewage disposal operations of that city.

The parties are referred to as they appeared in the trial court.

Plaintiff charged damage to his stock water, and from odors arising from the contaminated stock stream and from odors from the operation of the disposal plant.

At the close of all the evidence and before the giving of its general instructions, the court informed the jury that plaintiff had failed to prove damage to his stock water, and that his damage was limited solely to that from obnoxious odors from the stream and from operations of the plant.

Defendant complains that by the second of its instructions the court permitted · the jury to find damages not exceeding that asked for in the two causes of action, and that a recovery of double damages was thereby erroneously authorized. The portion of the instruction objected to refers to the amount of allowance and not to the reason for any allowance. Defendant does not complain of the amount awarded, but of the possibility that the jury might have returned its verdict for a sum in excess of that sought in the cause of action under which any damages were allowable.

The fifth instruction definitely restricted damages to that sought for offensive odors. While the latter portion of the second instruction may have been incorrect in stating that damages may be for sums sought in both causes, we see no merit in defendant's objection to this instruction for the reason that the verdict returned was substantially less than the amount which might have been returned under the second cause alone. Where plaintiff would be entitled otherwise to recover at least the amount of damages found, the inaccuracy complained of caused no material prejudice to defendant, and the error must be held harmless and not to warrant a reversal. Oklahoma City v. Page, 153 Okla. 285, 6 P.2d 1033; St. Louis-S. F. Ry. Co. v. Edwards, 119 Okla. 84, 248 P. 598; Allen v. Cubbison, 150 Okla. 116, 3 P.2d 677; City of Oklahoma City v. Hoke, 75 Okla. 211, 182 P. 692; sec. 252, O. S. 1931, 12 Okla. Stat. Ann. § 78.

Defendant next complains there was no evidence of the amount of damages sustained, and that the court erred in instructing that the jury could find for any sum other than nominal damages. The claim for stock water damage was definitely eliminated from the case and no evidence as to extent of such property damage was necessary. There remained only the matter of damages from annoyance and discomfort from the offensive odors. Physical discomfort and annoyance resulting from obnoxious odors is a separate and distinct element of damage, and although there may be no arithmetical rule for the estimate of such damage, it is such a damage the exent of which the jury may measure without specific evidence of its pecuniary value. This court has so held in the cases of Oklahoma City v. Eylar, 177 Okla. 616, 61 P.2d 649, 652; Oklahoma City v. Myers, 177 Okla. 622, 61 P.2d 653, and Oklahoma City v. Dyer, 177 Okla. 620, 61 P.2d 660. See, also, City of Holdenville v. Kiser, 179 Okla. 216, 64 P.2d 1223. Defendant requested no instruction relating to this question. The verdict is not claimed to be excessive.

Defendant charges further error in a portion of the first instruction, which challenged part told the jury that it was the duty of defendant to prevent raw sewage from its disposal plant from escaping or discharging into near-by streams. The preceding portion of the same instruction recites that a duty devolved upon the city in its disposal plant operations to prevent the discharge of offensive odors. There was no error in the giving of this instruction. A municipality creating a nuisance by discharging sewage into a stream is liable to persons residing nearby for resulting damages. City of Edmond v. Billen, 170 Okla. 37, 38 P.2d 564; City of Tecumseh v. Deister, 112 Okla. 3, 239 P. 582; Oklahoma City v. Eylar, supra.

The instructions, considered together, fairly and adequately instructed the jury as to the matters at issue. The verdict returned and the judgment based thereon are warranted by the evidence.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., concur.