REARDON v. LAYTON
& FORSYTH et al.

No. 29049. April 21, 1942.

*124 P. 2d 987.*

Moss & Powell and Mont R. Powell, all of Oklahoma City, for plaintiff in error.

Thurman & Thurman and Joseph G. Rucks, all of Oklahoma City, for defendants in error.

CORN, V. C. J. J. E. Reardon appeals from the judgment of the district court of Oklahoma county directing a verdict in favor of the defendants, Layton & Forsyth, a partnership, and Bob Leech, in an action for damages for alleged wrongful procurement of plaintiff's discharge from employment by his employer.

Plaintiff, a structural steel worker, was employed by the Steward Iron Works, Inc., a subcontractor, engaged to install the work in the jail of the county courthouse in Oklahoma City. Layton & Forsyth is a firm of architects employed by the county to render certain services by way of supervision and inspection and Bob Leech was employed by the firm as its representative on the job. Plaintiff alleges that the defendant Leech, acting for his employers, wrongfully and maliciously brought about his discharge by his employer, and seeks damages, actual and punitive.

The plaintiff introduced evidence, and when the trial judge had overruled defendants' demurrer to the evidence, the defendants introduced evidence, followed by rebuttal evidence of the plaintiff. Thereupon, each side moved for a directed verdict, and the trial judge sustained the defendants' motion.

Several propositions are argued, but they all relate in some way to the act of the court in taking the case from the jury and directing the verdict, which is the paramount issue for determination.

While the trial judge did not include findings of fact and conclusions of law in the journal entry of judgment, and it reads only in general terms, both parties predicate their discussion of the issues here upon the remarks of the trial judge in directing the jury.

It is alleged that Leech demanded the discharge of Reardon because of the fact that Reardon had previously claimed and received compensation for a minor injury. The whole case hinges upon the proposition of whether there is any competent evidence in the record that Leech maliciously and wrongfully caused the discharge of Reardon from employment on said job. Of course, if there was any such evidence, the case should have gone to the jury.

The trial court found that Reardon had no contract of employment with his employer. He was not bound to report on the job at any given time, but simply had the privilege of reporting or not reporting for work while the job lasted. And likewise, the employer had the privilege of selecting workmen from among those who reported for work.

Now, the conversation between Leech and Ray Conrad, superintendent of construction for the Steward Iron Works, Reardon's employer, in which the alleged demand for Reardon's discharge was made, took place, according to the testimony of witnesses who heard the conversation, on June 3rd. Reardon was working on the job at that time and continued to work until June 11th, when all the workmen were laid off and the job shut down on account of the failure of materials to arrive. The work was resumed on Friday, June 25th, at 8 o'clock a.m., pursuant to previous announcement. The job required eight men. Reardon did not report for work at that time. He reported on the following Monday at 10 o'clock a.m., two hours late,

and was told by the foreman that another man had been placed on the job to fill out the crew and that his services were not needed at that time. Later he was asked to come back on the job, but according to his own testimony, he was not interested because there were only three or four days' work left, although the wages paid for the work were $10 per day. The evidence supports the finding of the court that he was not discharged from the employment.

To establish a cause of action it would be incumbent upon the plaintiff to show by competent evidence, and not by surmise or conjecture, that he had been wrongfully discharged, and that his discharge was brought about by the malicious and wrongful interference of Leech. As we view the evidence in the record, there is not one scintilla of evidence that could be construed that he was discharged from the job, or that the conversation that Leech had with Conrad had any detrimental influence against his returning to work after the work was resumed.

If the plaintiff had actually been discharged from his occasional employment by this company, or had been discharged from this job, then the question of whether or not his discharge resulted from malicious and wrongful interference of Leech would have been a question of fact for the jury; but the evidence as a matter of law fails to show that he was discharged. The evidence clearly shows that he could have resumed work had he reported for work at the time of its resumption after the materials arrived. The very fact that he continued to work eight days after the alleged conversation between Leech and Conrad, which was up to the time all the men were laid off, and the fact that later he was offered work, is inconsistent with the theory of the case that he was discharged, or that Leech in any manner influenced the relations existing between him and his employer.

The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor

446

of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of such party. Crows v. Peters, 171 Okla. 433, 43 P. 2d 93; Baker v. Nichols & Shephard Co., 10 Okla. 685, 65 P. 100.

In our judgment the plaintiff has failed to establish that he was discharged from his employment, or that his failure to get back on the job when the work was resumed was the direct, immediate, and proximate result of any charges, report, complaint, or demand made to his employer by the defendants, or any of them.

In a case of this kind, where the evidence and all reasonable and logical inferences therefrom fail to establish a liability in favor of the plaintiff and against the defendants, it is not error for the court to direct the jury to return a verdict for the defendants as was done in this case. Joslin v. Chicago, M. & St. P. Ry. Co., 319 Mo. 250, 3 S. W. 2d 352.

The judgment is affirmed.

WELCH, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, HURST, and ARNOLD, JJ., dissent. RILEY, J., absent.