CITY OF HOLDENVILLE v. KISER et vir.

No. 30722. Feb. 27, 1945.

*156 P. 2d 363.*

C. H. Baskin, of Holdenville, for plaintiff in error.

Pryor & Wilbanks, of Holdenville, for defendants in error.

HURST, V.C.J. The city of Holdenville appeals from a judgment, based on a jury verdict, in favor of the plaintiffs, Susan T. Kiser and W. R. Kiser, for damages in the sum of $500 resulting from the maintenance of a temporary nuisance caused by the operation of the sewage disposal plant of the city. Two questions are presented for reversal, (1) the refusal to admit competent evidence offered by the city, and (2) the overruling of the city's demurrer to plaintiffs' evidence and its motion for a directed verdict.

The present action was commenced April 11, 1941. In 1935, the plaintiffs in a prior action recovered a judgment against the city for $1,000 for damages for the maintenance of the same nuisance, and the city in its answer pleaded that the plaintiffs are estopped by that judgment from recovering in the present action.

The plaintiffs reside on a farm owned by them a short distance from where the city's sewage disposal plant is located. A creek, into which the water from the sewage disposal plant flows, runs from the disposal plant through plaintiffs' farm. In the prior action the plaintiffs sued in three causes of action, (1) for annoyance and discomfort caused by the offensive odors coming from the creek, on which they recovered $250, (2) for rendering their water wells unfit for use, on which they recovered $250, and (3) for depreciation in the rental and market value of the land, on which they recovered $500. On appeal, the judgment in that cause was affirmed. 179 Okla. 216, 64 P. 2d 1223.

In the present case, the plaintiffs sued for discomfort and annoyance suffered by them by reason of the offensive odors arising from the creek, also for destruction of their water wells by the pollution. The court withdrew from the jury the issue as to the wells (presumably because of the prior judgment on the second cause of action), and, consequently, the recovery was for the discomfort and annoyance only.

Before taking up the two contentions made by the city, we think it would be well to point out the importance of keeping in mind the rather fine distinctions between terms used in nuisance cases, and the difference between the terms "nuisance," "damage" and "damages." For a discussion of the difference, see Oklahoma City v. Page, 153 Okla. 285, 6 P. 2d 1033. We think the city, in its briefs, fails to note the distinction between the terms "permanent nuisance" and "permanent damages."

It would also be well to state some applicable rules to which we are committed by our prior decisions in nuisance cases. A nuisance caused by discharging sewage of a city in a stream is a "temporary nuisance." Oklahoma City v. West, 155 Okla. 63, 7 P. 2d 888. "Permanent damages" as well as "temporary damages" may be recovered for the maintenance of a "temporary nuisance." Oklahoma City v. Page, above; Herwig v. City of Guthrie, 182 Okla. 599, 78 P. 2d 793; Mid-Continent Petroleum Corporation v. Fisher, 183 Okla. 638, 84 P. 2d 22. Recovery for a "temporary nuisance" is limited to the damages sustained up to the time of the filing of the suit, and prospective or future damages may not be allowed therefor, but successive suits may be maintained. Oklahoma City v. Page, above; City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867; City of Lawton v. Schwartz, 128 Okla. 42, 261 P. 140; Sheridan Oil Co. v. Wall, 187 Okla. 398, 103 P. 2d 507; 39 Am. Jur. 390, 392; 46 C.J. 802, 826. The occupant of real estate may recover damages for personal inconvenience, annoyance, and discomfort caused by the maintenance by another of a temporary nuisance in the vicinity of the real estate. Oklahoma City v. Eylar, 177 Okla. 616, 61 P. 2d 649; Phillips Petroleum Co. v. Ruble, 191 Okla. 37, 126 P. 526, 142 A.L.R. 1303.

1. The city first argues that it was error for the court to refuse to admit in evidence the judgment and proceedings in the prior case, which the city offered to sustain its defense of estoppel by judgment. It contends that since the plaintiffs recovered judgment on its third cause of action in the prior action for permanent damages to the land, they are estopped from thereafter recovering temporary damages by reason of the maintenance of the same nuisance. When the rules of law above stated are considered, it is clear that there is no merit to this contention. The nuisance is a temporary one. Assuming that the damages allowed on the third cause of action in the prior suit were for depreciation in the market value of the land — permanent damages accruing prior to the filing of that suit — and not for depreciation in the rental or usable value of the land — temporary damages —, as we stated in our former opinion, the judgment is no bar to the recovery of damages sustained since the former judgment was rendered. The trial court properly limited the plaintiff to recovery of damages sustained during the two years next preceding the filing of the petition. H. F. Wilcox Oil & Gas Co. v. Allen, 184 Okla. 196, 86 P. 2d 55. Since the former judgment does not bar a recovery in the present case, it was not reversible error for the court to refuse to admit in evidence the judgment and proceedings in the prior action.

2. We have examined the record and find that the evidence reasonably tends to support the judgment and to establish that offensive odors came from the creek as a result of the pollution complained of. The court, therefore, properly overruled the demurrer to plaintiffs' evidence and defendant's motion for a directed verdict and submitted the issues to the jury. Davis v. Curry, 192 Okla. 32, 133 P. 2d 186; Reardon v. Layton & Forsyth, 190 Okla. 444, 124 P. 2d 987.

Affirmed.

RILEY, OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.