206

CITY OF ADA v. CANOY et ux.
SAME v. HASS et ux.
SAME v. FARMER.

Nos. 32507–32509. Feb. 4, 1947.

*177 P. 2nd 89.*

Thompson & Braly, of Ada, for plaintiff in error.

Thomas P. Holt, and Kerr, Lambert & Conn, all of Ada, for defendants in error.

PER CURIAM. These are separate actions brought by J. M. Canoy and wife, F. D. Hass and wife, and Mrs. Lela Farmer against the city of Ada for the recovery of damages alleged to have been sustained by reason of sewage from the city's main sewer line backing into their homes and upon their premises through laterals connected thereto and overflowing their homes and premises, causing damage thereto.

The cases were consolidated for trial below. The pleadings in each case are the same. The evidence in one case is applicable to each and every other case. Separate verdicts were rendered and separate judgments entered below. Separate appeals have been filed and by stipulation were consolidated for the purpose of briefing.

Defendant, after its demurrers to the plaintiffs' petitions were overruled, filed answers consisting of general and special denials of the allegations contained in plaintiffs' petitions.

At the conclusion of the evidence defendant moved the court for a directed verdict in its favor, which was denied.

The trial resulted in verdicts and judgments in favor of plaintiffs. Defendant has appealed, and, among other things, asserts that the trial court committed error in overruling its demurrers to plaintiffs' petitions and in overruling its motion for a directed verdict. These assignments will be considered together.

The petitions, in substance, allege that each of the plaintiffs is the owner of his home, which is located in the city of Ada and in sanitary sewer district No. 5 created and established by defendant, and that lateral lines are connected therewith which serve plaintiffs' homes; that the main sewer line servicing such area was constructed in the year 1917; that the system operated satisfactorily to the property owners in such area until about the beginning of the year 1941, at which time the city permitted surface waters to back into its main sewer line, and that during heavy rains sewage from the main line backs up into the laterals servicing plaintiffs' homes and overflows on to the floors of their homes and upon their premises; that

since May 1, 1942, and April 18, 1944, on the date these suits were commenced, this condition occurred at least five or six times each year; that by reason thereof plaintiffs have suffered great inconvenience and annoyance and their health and that of their families has been thereby impaired, and that the rugs and linoleum on their floors were destroyed and the floors and walls of their homes have been considerably damaged. It is further alleged that such condition occurs every time there is a heavy rain; that defendant, through its officers, the city commissioners, have on different occasions been notified of such condition and have been repeatedly requested to remedy the same, but that the defendant has neglected and refused so to do and that such condition still exists; that such condition could be remedied by defendant without the expenditure of a great sum of money.

The evidence in the main supports these allegations. Defendant contends that the petitions are fatally defective for the reason that they fail to allege negligence on the part of the defendant in either the construction, maintenance, or failure to keep in repair its sewer system, and that the evidence also fails to establish that it was guilty of negligence in these respects or in any other respect, and that for this reason its motion for directed verdict should have been sustained. It is true that actual negligence is not alleged, nor has negligence been proven by the plaintiffs.

The record discloses that plaintiffs brought their actions and tried the same on the theory that the defendant maintained and operated its sewer system in such manner as to constitute a nuisance. Plaintiffs contend that they were therefore entitled to recover damages sustained by them by reason thereof irrespective of the question of negligence on the part of defendant. We think this contention correct.

A municipality may be guilty of maintaining and operating its sewer system in such manner as to constitute a nuisance. Oklahoma City v. Eylar, 177 Okla. 616, 61 2d 649. In such case parties sustaining injury by reason thereof may maintain an action to recover damages thereby sustained, irrespective of the question of negligence on the part of the municipality. In such case the action is not based or founded on negligence. It is the wrong or tort committed by the municipality in maintaining such nuisance which gives rise to the cause of action. Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. 2d 747; City of Weatherford v. Luton, 189 Okla. 438, 117 P. 2d 765; City of Holdenville v. Kiser, 195 Okla. 189. 156 P. 2d 363.

While it is true as contended by defendant that a municipality is not an insurer of its sewer system, and while there is authority to the effect that a city cannot be held liable in damages because of error in judgment as to the size of drains or sewers necessary to carry away sewage or surface waters, it is generally held that if, after such sewers and drains are constructed, it becomes evident that the same as constructed are inadequate to perform the functions contemplated, and after due notice thereof it fails to take steps necessary to remedy such condition and continues thereafter to operate the same in such manner as to constitute a nuisance, it will be held liable. In 43 C.J. p. 1135, it is said:

"There is, however, authority for the view that a municipality is liable for damages resulting from its failure to provide sewers or drains of sufficient capacity to carry off sewage and water which may reasonably be expected to accumulate under ordinary conditions, or where the plan adopted is obviously insufficient. So a municipality has been held liable where, after the work has been completed and experience has demonstrated that the system is inadequate to meet the requirements, the municipality takes no steps to remedy the condition within a reasonable time after notice thereof, actual or constructive.

"Where a municipality has built a sewer or drain and by reason of the insufficiency thereof a nuisance is created, a municipality is liable in damages, if after notice of the nuisance it fails to adopt and execute such measures as necessary to remove the nuisance."

The evidence shows without dispute that defendant's main sewer line is inadequate to carry away sewage and surface waters naturally infiltrating into the line during times of heavy rains, and that at such times its main line overflows and sewage therefrom is discharged through the laterals connected therewith on the floors of plaintiffs' homes and their premises, causing obnoxious and offensive odors which remain for several days after each overflow, and that such overflow causes damages to their homes and premises; that such condition has frequently occurred; that it occurs each time there is a heavy rain; that it occurred at least six times between July 1, 1942, and April 18, 1944, the date on which these suits were commenced. It is also undisputed that defendant has been notified of such condition and has on different occasions been requested to remedy the same and that it has made no effort to do so. The evidence also shows that this condition could be remedied by providing additional storm sewers for the affected area.

In Boyer v. Tacoma, 156 Wash. 280, 286 P. 659, 70 A.L.R. 1342, the court said:

"A city is liable for damages occasioned by the backing up of a sewer flooding premises required by law to be connected therewith, where, though the sewer at the time of its installation was of ample size to serve all of the residents in the vicinity, it had, by reason of the growth of the territory, become inadequate."

And in the annotation following this case in A.L.R. other cases are cited so holding.

See, also, City and County of Denver v. Mason, 88 Colo. 294 295 P. 788; 43 C.J. 1134, 1136, §1894; 38 Am. Jur. 344, §639.

We think the evidence sufficient to sustain the finding that defendant was guilty of maintaining a nuisance in the operation of its sewer system and sufficient to sustain the verdicts and judgments entered thereon.

Defendant offered some evidence for the purpose of attempting to prove that its main sewer line was adequate to carry off all sewage and surface water which would naturally break into the line during ordinary times and ordinary rainfall; that its main line overflowed only on occasions when there was an unusual and extraordinary amount of rainfall.

It is contended by defendant if the flooding of plaintiffs' homes by sewage from its main line occurred only at times when there was an unusual and extraordinary amount of rainfall, it cannot be held liable. It is also contended that the evidence offered by it on this issue was sufficient to take such issue to the jury, and requested the court to instruct the jury as follows:

"1. You are instructed that if a municipality constructs sewers and drains sufficient to meet all demands upon them under ordinary conditions, it is not liable because they prove inadequate to carry off surplus waters from an extraordinary storm or flood.

"2. You are instructed that an extraordinary storm is not necessarily an unprecedented one but one that happens so rarely that it is unusual and not ordinarily to be expected. You are further instructed that unless you find that the surface waters were wrongfully diverted into the sanitary sewers by the defendant, the city of Ada, you should return a verdict for the defendant."

The evidence, in our opinion, is not sufficient to authorize the submission of this issue to the jury. Defendant offered in evidence a table prepared from the records of the weather bureau which shows the amount of rainfall which has occurred during the months between February and June of each year from the year 1936 to the year 1945, inclusive. This table, however, fails to show that in any of such months or that in any days thereof or in any period between May 1, 1942, and April 18, 1944, there had occurred an unusual or extraordinary rainfall. Moreover, the evidence is conclusive that within a period of two years from May 1, 1942, to April 18,

1944, plaintiffs' premises were flooded from sewage from defendant's main sewer lines at least six times. The evidence also shows that such flooding was caused by surface waters breaking into the main sewer line. This evidence effectively negatives the contention of defendant that its main sewer line only overflowed on occasions when there occurred an unusual and extraordinary amount of rainfall.

The trial court committed no error in refusing these requested instructions.

The judgment in each case is affirmed.