THACKERY v. UNION PORTLAND CEMENT CO.

No. 4175.   Decided December 4, 1924.   (231 Pac. 813.)

1.  LIMITATION OF ACTIONS—CAUSE OF ACTION FOR DAMAGES FROM DUST AND SMOKE OF CEMENT PLANT CONSTITUTING RECURRING NUISANCE NOT BARRED BY LIMITATIONS. Farm owner's cause of action for damages from dust and smoke of a cement plant, extent of injury or annoyance from which was dependent largely on extent to which plant was operated and condition of elements, was not barred by limitations under Comp. Laws 1917, § 6468, subd. 2, and section 6467, though he delayed

bringing action for 10 years; nuisance not being continuing but recurrent, and not constituting a trespass.[1]

2. NUISANCE—RECOVERY AS FOR PERMANENT INJURY PERMITTED, THOUGH INJURY CONSTITUTED RECURRING INVASION OF RIGHTS. Court, with consent or acquiescence of parties, could permit a recovery of compensation as for permanent injury in action for damages from dust and smoke of a cement plant, constituting a recurring nuisance, where court was dealing with private parties, as such decree would necessarily tend to lessen litigation.[2]

3. TRIAL—COURT'S FAILURE TO SUBMIT QUESTION OF CERTAIN DAMAGES WITHOUT REQUEST HELD NOT ERRONEOUS. In action for damages to plaintiff's farm from dust and smoke of a cement plant, court's failure to submit question of crop damages as an element going to question of value of land did not constitute error, where no special request was made 'for a specific instruction as to such damages, and court in instruction laid down law correctly in general terms.[3]

4. NUISANCE—SPECIFIC ITEMS OF DAMAGES HELD COVERED BY GIVEN INSTRUCTION. In action for damages from dust and smoke of a cement plant, reduction of land's rental value, and inconvenience and annoyance suffered by plaintiff and his family, *held* sufficiently covered by instruction.

Appeal from District Court, Second District, Weber County; *J. N. Kimball,* Judge.

Action by George R. Thackery against the Union Portland Cement Company. Judgment for plaintiff, and defendant appeals, and plaintiff appealed and filed cross-assignments of error.

AFFIRMED.

---

[1] *O'Neill* v. *Railroad*, 38 Utah, 475, 114 P. 127.

[2] *Kinsman* v. *Gas Co.*, 53 Utah, 10, 177 P. 418.

[3] *In re Hanson's Will*, 50 Utah, 207, 167 P. 256; *Everts* v. *Worrell*, 58 Utah, 238, 197 P. 1043; *Griffiths* v. *City*, 4 Utah, 462, 465, 11 P. 609, 610.

See (1) 25 Cyc. pp. 1138, 1141; (2) 29 Cyc. p. 1273; (3) 38 Cyc. p. 1696; (4) 29 Cyc. p. 1270.

*Henderson & Johnson,* of Ogden, for appellant.

*J. C. Davis, S. P. Dobbs,* and *Arthur Woolley,* all of Ogden, for respondent.

GIDEON, J.

The appellant (defendant below) owns and operates a cement plant located in Weber Canyon, Morgan county, in this state. The respondent and cross-appellant (plaintiff below) owns a farm of about 100 acres located in the immediate vicinity of the cement plant.

It is alleged in the complaint that there are located upon respondent's land a dwelling house and other buildings, including corrals for feeding stock. It is also alleged that the appellant had been operating its cement plant at the same place since the year 1909, and was so operating it at the date of the bringing of the action, August 23, 1919. The basis of respondent's claim for damages is injury caused by the appellant in operating its cement plant, and by permitting small particles of cement, dust, and smoke to escape and pass from the appellant's plant and to fall upon respondent's premises. Statements in the complaint claim injury to grown and growing crops and to hay stored on the premises, and that the dust and smoke rendered the place undesirable for a home for respondent and his family, thereby depreciating the value of said premises and damaging the crops grown and growing thereon and the live stock fed upon the premises.

The appellant demurred to the complaint. One of the grounds of demurrer alleged was that the cause of action was barred by the statute of limitations. The court overruled the demurrer. An answer was filed, and a trial was had before the court and a jury. Judgment was rendered against appellant. It appeals. Respondent also appeals, and has filed cross-assignments of error.

In appellant's answer the statute of limitations is pleaded and relied upon as a defense to the action. The prayer of

the complaint is for (a) an order restraining the appellant from further operating its plant, and (b) for damages. At the trial respondent abandoned any claim for an injunction restraining the operation of the plant.

The only error argued by appellant is the ruling of the court in holding that the cause of action is not barred by the statute of limitations. At the oral argument counsel for the appellant stated that, if this court is of the opinion that the action is not barred by the statute of limitations, he did not ask a reversal of the judgment.

Much of respondent's testimony was directed to the depreciation of the market value of his premises caused by appellant permitting smoke and dust to pass over and settle thereon. In other words, testimony was offered to establish the difference between the market value of the premises if the dust and smoke had not been permitted to settle upon them and what that value is with the dust and smoke allowed to be deposited on the farm from appellant's plant.

The trial court submitted to the jury only the question of the depreciation of the market value, and its verdict, of necessity, is based upon what it found to be the depreciation in value of respondent's premises by reason of the acts of appellant as above indicated.

It is shown by the testimony that the annoyance and discomfort to the respondent's premises is not continuous. If the plant is not in operation, necessarily no dust or smoke will emanate from it or pass over respondent's land. If the wind is not blowing toward respondent's land, the dust and smoke will be carried in another direction. The extent of injury or annoyance at any particular time is dependent largely upon the extent to which the plant is in operation and the condition of the elements, particularly direction of the wind, and upon other causes. The nuisance or annoyance created by the plant of appellant cannot therefore be said to be continuing. It is recurrent, dependent upon the causes indicated.

Subdivision 2, § 6468, Comp. Laws Utah 1917, is relied upon by appellant. That subdivision is as follows: "An

action for waste or trespass of real property must be commenced within three years."

The acts of appellant were in no sense a trespass upon the premises of respondent as the term "trespass" has been interpreted by this court in *O'Neill* v. *Railroad*, 38 Utah, 475, 114 P. 127. The court in that case was considering the subdivision just quoted. It is not claimed that appellant by any act entered upon the close of the respondent or in any way interfered with the physical occupancy of the premises by the respondent. The cause or right of action cannot therefore be said to have come into existence at any particular moment of time. Permitting the smoke and dust to emanate from appellant's plant and fall upon the premises of respondent was a recurring nuisance, and a right of action necessarily could be founded upon such recurring nuisance if injury resulted.

It is, however, insisted by appellant that, if the cause of action is not barred by the provisions of Comp. Laws Utah 1917, § 6468, it is barred by the provisions of section 6474 of the same compilation. That section provides that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." The cause of the injury complained of in this action, as has been pointed out, is not a trespass upon the premises of respondent. It is more in the nature of a recurring nuisance. In a note in 3 A. L. R., at page 312, in a definition of what constitutes a nuisance, the annotator says: "Any dust which substantially interferes with the comfortable enjoyment of adjacent premises constitutes a nuisance." Numerous cases are cited supporting that statement of the annotator. While there is some conflict in the authorities, it has been held by the great weight of authority that in the determination of whether an action is barred by the statute of limitations the permanency and continuance of the nuisance or whether it is a temporary or recurring one is controlling. That is true, however substantial and permanent the industry causing the nuisance, and even though the nuisance complained of is continuing in the sense

that it will and does occur at intervals in like manner, and therefore cannot be said to be uninterruptedly continuing in its nature. *Bartlett* v. *Grasselli Chemical Co.*, 92 W. Va. 445, 115 S. E. 451, 27 A. L. R. 54; *Trinity Portland Cement Co.* v. *Horton* (Tex. Civ. App.) 214 S. W. 510. The second headnote to *Bartlett* v. *Grasselli Chemical Co.*, supra, reads:

"As a general rule, the element of permanency of cause of injury is lacking in cases of public and private nuisances working such injury, because, in such cases, the nuisance constituting the cause from which the injury and damages arise is abatable, both by acts of the parties, and especially of the wrongdoer, and by judicial process."

The fourth headnote in *Trinity Portland Cement Co.* v. *Horton*, supra, reads:

"Though plaintiffs delayed for ten years in suing for damages caused by dust which, when the wind was in certain directions, was carried from defendant's cement plant onto their premises, held, that the nuisance could not be considered a permanent one because the structure was permanent, so as to bar plaintiff's right of action by limitations."

We conclude, therefore, that the trial court did not err in overruling the demurrer nor in refusing to direct a verdict on the ground that respondent's cause of action is barred by the statute of limitations.

It is suggested in the argument that, the injury being a recurring invasion of respondent's rights, the court could not permit recovery of full compensation in one action as for a permanent injury. In other words, that the respondent's causes of action were founded upon a recurring nuisance, and that, the nuisance being in its nature abatable either by act of the parties or by judicial decree, the only power the court had was to permit recovery of such damages as had been sustained within the period of limitation prior to the institution or trial of the action. The court in this case is dealing with private parties. The appellant is neither a public nor a quasi public corporation. However necessary or beneficial the products manufactured by appellant may be for the community in constructing public roads and in general building operations, nevertheless it is distinctly a private enterprise. No good reason appears, there-

fore, why, if the parties so elect either by agreement or by acquiescence, the court should not permit a recovery of compensation as for a permanent injury in one action. Such would necessarily tend to lessen litigation and once for all determine the respective rights of the parties. Many of the states, as I understand the decisions, permit that to be done. That right was recognized by this court in *Kinsman* v. *Gas Co.*, 53 Utah, 10, 177 P. 418. In 4 Sutherland, Damages (4th Ed.) § 1046, it is said:

"The apparent discrepancy in the American cases on this subject may, perhaps, be reduced by supposing that, where the nuisance consists of a structure of a permanent nature and intended by the defendant to be so, or of a use or invasion of the plaintiff's property, or a deprivation of some benefit appurtenant to it for an indefinitely long period in the future, the injured party has an option to complain of it as a permanent injury and recover damages for the whole time, estimating its duration according to the defendant's purpose in creating or continuing it; or to treat it as a temporary wrong to be compensated for while it continues, that is, until the act complained of becomes rightful by grant, condemnation of property or ceases by abatement."

See, also, L. R. A. 1916E, note at page 1069; 27 A. L. R., note at page 161.

The trial court was of the opinion that the issues made by the pleadings were broad enough to authorize a recovery for permanent injury, and having so construed the pleadings, submitted that question to the jury. Neither party is complaining of the ruling of the court in that regard.

As pointed out, counsel for appellant does not ask for reversal unless the cause of action is barred by the statute of limitations. In respondent's brief, in discussing the cross assignments of error, counsel say:

"While we do not complain of the ruling of the court giving respondent damages for the diminished value of his fee, these cannot compensate him for the damage sustained by him from August 23, 1915, to the date of trial, but only for the damage he sustains by reason of being required to grant what is in the nature of a permanent easement on his lands, for the continuation of this nuisance in its present form. We think he was clearly entitled to recover in addition thereto the damages to the use in the prior period, so far as the same were not barred by the statute of limitations."

Passing to a consideration of the cross-appeal of respondent: Counsel has discussed what is designated: (1) "The failure of the court to submit to the jury, as an element going to the question of value of the land, the question of crop damages; (2) the failure of the court to instruct the jury to return a verdict compensating respondent in damages for the diminution of the value of the use of his land, reduction of its rental value for a period covering from four years prior to the commencement of the action, to the time of trial, and the court's rejection of evidence upon that point; and ·(3) the failure of the court to submit to the jury, as a separate element of damages, the inconvenience and annoyance suffered by plaintiff, and members of his family from the nuisance during the same period."

The court instructed the jury generally that, if they found from the preponderance of the evidence that the market value of the lands, buildings, and premises of respondent had been depreciated in value, then he was entitled to compensation equal to the difference between the market value of the premises without being subjected to dust and smoke and the market value with the smoke and dust, and that their verdict should be for respondent in the amount of such difference. Testimony at great length was admitted as to the injury to growing crops and the inconvenience to the respondent and his family by reason of the smoke and dust being deposited upon the premises, and that testimony was before the jury for consideration in determining the depreciation of the market value of respondent's premises. No special request was made for specific instruction as to the damages to the crop as constituting or being an element to be considered by the jury in determining the market value. In *Griffiths* v. *Clift*, 4 Utah, 462, 465, 11 P. 609 at page 610, the court said:

"The instructions to the jury laid down the law correctly, in general terms. If appellant desired a more specific declaration of the law, he should have requested an instruction covering the point."

See, also, *In re Hanson's Will*, 50 Utah, 207, 167 P. 256; *Everts* v. *Worrell*, 58 Utah, 238, 197 P. 1043.

The other objections, (2) and (3), are, in our judgment, sufficiently covered by the court's fifth instruction. In that instruction the jury were told that they could consider the inconvenience and personal suffering of plaintiff and the members of his family in residing on the premises, if any were shown, the effect, if any, from the feeding    4 of hay and grasses grown on the premises, and the discomfort of persons whom he had employed, in determining the amount which respondent was entitled to recover.

We find no reversible error in the record. Judgment is accordingly affirmed. Respondent to recover his costs incurred on this appeal except for that portion of his brief relating to the cross-assignments of error.

We concur: WEBER, C. J., and FRICK and CHERRY, JJ., and WOOLLEY, District Judge.

THURMAN, J., did not participate herein.