WALKER DRUG COMPANY, INC., a Utah corporation, Jack Walker, and Lorraine Walker, Plaintiffs and Appellants,

v.

LA SAL OIL COMPANY and Rio Vista Oil, Ltd., Defendants and Appellees.

Nos. 940259, 940447.

Supreme Court of Utah.

Sept. 7, 1995.

J. Michael Bailey, Salt Lake City, and Dana L. Eismeier, Englewood, CO, for the Walkers.

J. Michael Hansen, Claudia F. Berry, Salt Lake City, for La Sal Oil.

H. James Clegg, Rodney R. Parker, Salt Lake City, for Rio Vista.

ZIMMERMAN, Chief Justice:

Plaintiffs Walker Drug Company, Inc., Jack Walker, and Lorraine Walker (collectively "the Walkers")[1] appeal from the district court's grant of summary judgment in favor of defendants La Sal Oil Company ("La Sal") and Rio Vista Oil, Ltd. ("Rio Vista"). We affirm in part and reverse and remand in part.

"Before we recite the facts, we note that in reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County,* 855 P.2d 231, 233 (Utah 1993). We state the facts in this case accordingly.

La Sal and Rio Vista each own and operate a gas station located on Main Street in Moab, Utah. The Walkers also own property on Main Street, situated northwest and allegedly downgradient from defendants' gas stations. The Walkers' property includes the Walker Drug Building, the Old City Market Building, and a liquor store.

In approximately February of 1986, the Southeastern Utah District Health Department received complaints of gasoline fumes in and around the Walker Drug Building. The Utah Geological and Mineral Survey investigated the matter and discovered an underground gasoline plume near defendants' gas stations. An Environmental Protection Agency Environmental Response Team subsequently determined that a gasoline plume of approximately 6.5 acres was migrating northwest toward two creeks which eventually flow into the Colorado River.

On March 1, 1993, the Walkers filed a complaint in district court, alleging that gasoline had leaked from defendants' gas stations and had contaminated the Walkers' property. The Walkers sought damages under theories of strict liability, negligence, nuisance, and trespass. La Sal moved for summary judgment, asserting that (i) the Walkers' claims were barred by the applicable statute of limitations, and (ii) even if the Walkers' claims

---

1. Jack Walker has been the sole shareholder of Walker Drug Company, Inc., since 1973.

were not time-barred, their claim for strict liability should be dismissed because the operation of a gas station is not the type of activity which can give rise to strict liability. The district court granted La Sal's motion. Pursuant to a stipulation between the Walkers and Rio Vista, the district court entered summary judgment in favor of Rio Vista "on the same grounds and for the same reasons as were found persuasive respecting LaSal Oil's successful motion." The Walkers appeal.

■ We first state the applicable standard of review. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). Because a challenge to summary judgment presents for review only questions of law, we accord no particular deference to the district court's conclusions but review them for correctness. *Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1111–12 (Utah 1991); *Bonham v. Morgan*, 788 P.2d 497, 499 (Utah 1989) (per curiam).

The Walkers first contend that the district court erred in concluding that their claims were barred by section 78–12–26 of the Utah Code, which provides a three-year statute of limitations in actions for "waste, or trespass upon or injury to real property." Utah Code Ann. § 78–12–26.[2] The Walkers argue that (i) the period of limitations was tolled by the discovery rule until 1992; and (ii) a genuine issue of fact exists as to whether the alleged nuisance and trespass are permanent or continuing and, if they are continuing, the statute of limitations does not bar recovery for injuries occurring within three years prior to the commencement of the action. We address the Walkers' arguments in order.

■ "Generally, a cause of action accrues and the relevant statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action ... [and] mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations.'" *Warren v. Provo City Corp.*, 838 P.2d 1125, 1128–29

(Utah 1992) (alterations in original) (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)). However, in certain instances, the discovery rule may operate to toll the period of limitations "until the discovery of facts forming the basis for the cause of action." *Myers*, 635 P.2d at 86. We have previously recognized three circumstances in which the discovery rule applies:

(1) in situations where the discovery rule is mandated by statute; (2) in situations where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.

*Warren*, 838 P.2d at 1129 (footnotes omitted). The Walkers assert that the period of limitations was tolled until 1992 under both the exceptional-circumstances and concealment versions of the discovery rule. We disagree.

■ Before a period of limitations may be tolled under either of these versions of the discovery rule, an initial showing must be made that the plaintiff did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action within that period. *Warren*, 838 P.2d at 1129–30. Our review of the record reveals that the Walkers have not made this threshold showing.

Jack Walker testified in his deposition that he began to smell gasoline fumes in and around the Walker Drug Building in early 1986. He testified further that shortly after he began to smell gasoline fumes, he witnessed the excavation, removal, and replacement of all the underground gasoline lines at the La Sal station and was told by Charles Ray Klepzig, President of La Sal, that Klepzig was looking for a gasoline leak. Jack Walker was also aware that a soil gas ventilation system was installed in 1987 at the expense of La Sal and Rio Vista to remove gasoline fumes from the Walker Drug Building and that state and federal

---

2. The parties agree that section 78–12–26 applies to all of the Walkers' claims.

environmental agencies were investigating the contamination. Despite this knowledge, however, the only inquiry the Walkers made into La Sal and Rio Vista's liability was to call the state and federal agencies involved and to request copies of their reports. When those reports were not forthcoming, the Walkers gave up. At the very least, the Walkers should have gone to the Utah Department of Environmental Quality and requested copies of any reports on file relating to the Moab gasoline plume. In addition, the Walkers could have hired their own environmental experts to investigate the cause of the gasoline fumes in and around the Walker Drug Building. We conclude, as a matter of law, that the Walkers have not met their initial burden to show that they did not know and could not have discovered the facts underlying their causes of action in time to file their complaint within the statutory period of limitations commencing in 1986.

■ The Walkers argue next that summary judgment was improper because a genuine issue of fact exists as to whether the alleged nuisance and trespass are permanent or continuing and, if they are continuing, the statute of limitations does not bar recovery for injuries occurring within three years prior to the filing of their complaint. We agree.[3]

■ When a cause of action for nuisance or trespass accrues for statute of limitations purposes depends on whether the nuisance or trespass is permanent or continuing. *See Thackery v. Union Portland Cement Co.,* 64 Utah 437, 231 P. 813, 814 (1924); *see also Oaksmith v. Brusich,* 774 P.2d 191, 200 n. 10 (Alaska 1989); *KFC W., Inc. v. Meghrig,* 23 Cal.App.4th 1167, 28 Cal.Rptr.2d 676, 684–86 (1994). " 'Where a nuisance [or trespass] is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the nuisance [or trespass] is created.' " *KFC,* 28 Cal.Rptr.2d at 684 (quoting *Phillips v. City of Pasadena,* 27 Cal.2d 104, 162 P.2d 625, 626 (1945)); *see also Johnson v. Utah–Idaho Cent. Ry.,* 68 Utah 309, 249 P.

1036, 1040 (1926); 58 Am.Jur.2d *Nuisances* §§ 27, 308 (1989). However, " 'if the nuisance [or trespass] may be discontinued at any time it is considered continuing in character.' " *KFC,* 28 Cal.Rptr.2d at 685 (quoting *Phillips,* 162 P.2d at 626); *see also Thackery,* 231 P. at 814; 58 Am.Jur.2d *Nuisances* § 28 (1989). "Under theories of continuing trespass or nuisance, each harmful act constitutes a new cause of action for statute of limitations purposes." *Oaksmith,* 774 P.2d at 200 n. 10. Therefore, in the case of a continuing trespass or nuisance, " 'the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred,' but '[r]ecovery is limited . . . to actual injury suffered [within the three years] prior to commencement of each action.' " *Capogeannis v. Superior Court,* 12 Cal.App.4th 668, 15 Cal.Rptr.2d 796, 800 (1993) (alterations in original) (quoting *Phillips,* 162 P.2d at 626–27; *Baker v. Burbank–Glendale–Pasadena Airport Auth.,* 39 Cal.3d 862, 218 Cal.Rptr. 293–297, 705 P.2d 866, 870 (1985)); *see also Johnson,* 249 P. at 1040.

The Walkers filed their complaint on March 1, 1993. Therefore, if the alleged contamination arising out of the 1986 leak is permanent, the Walkers' claims for nuisance and trespass are barred by the three-year statute of limitations. Utah Code Ann. § 78–12–26. However, if the alleged contamination is continuing, the Walkers' claims are not time-barred but their recovery is limited to damage sustained during the three years prior to the filing of their complaint. Because we cannot determine as a matter of law whether the alleged contamination is permanent or continuing, a question of fact exists which precludes summary judgment on statute of limitations grounds.

■ La Sal and Rio Vista argue that even if the alleged contamination is continuing, summary judgment was proper because the Walkers have not shown that they sustained any compensable damage within the three

---

3. Because the Walkers do not raise the possibility of "continuing negligence" in support of their argument that their negligence claim was im-
properly dismissed, we decline to address this issue.

years prior to the filing of their complaint. La Sal and Rio Vista contend first that the Walkers failed to present evidence of such damage in opposition to La Sal's motion for summary judgment. However, as the moving party, La Sal had the initial burden to present evidence that the Walkers did not sustain such damage, and the Walkers were under no obligation to present opposing evidence until La Sal met that burden. *See K & T, Inc. v. Koroulis,* 888 P.2d 623, 628 (Utah 1994); *see also* Utah R.Civ.P. 56(e). Because La Sal failed to present evidence that the Walkers did not sustain any damage within three years prior to the filing of their complaint, the Walkers may not be penalized for failing to present evidence in opposition.

■ La Sal and Rio Vista also assert that summary judgment was proper even if the contamination is continuing because the only damages the Walkers seek are for permanent diminution in the value of their property and such damages are not recoverable in an action for a continuing nuisance or trespass. However, even if La Sal and Rio Vista are correct that the Walkers seek damages only for permanent diminution in the value of their property, they are incorrect that such damages are not recoverable in an action for a continuing nuisance or trespass. While it is true that recovery for a continuing nuisance or trespass is limited to damage sustained within three years prior to the commencement of the action, *Johnson,* 249 P. at 1040, this does not preclude recovery for permanent injury, i.e., permanent diminution in value, so long as the permanent injury arose within that period. *City of Holdenville v. Kiser,* 195 Okl. 189, 156 P.2d 363, 365 (1945). In fact, we stated in *Ludlow v. Colorado Animal By–Products Co.,* 104 Utah 221, 137 P.2d 347, 354 (1943), that one proper "measure of damages for the maintenance of a [continuing] nuisance is the depreciation of market value of the property affected." *See also Thackery,* 231 P. at 815. Therefore, summary judgment was improper in this case even if the alleged contamination is continuing and the Walkers seek only damages for permanent diminution in the value of their property.

■ The Walkers also contend that the district court erred in concluding, as a matter of law, that La Sal and Rio Vista were not engaged in an abnormally dangerous activity in operating their gas stations and, accordingly, dismissing the Walkers' claim for strict liability. We agree with the district court.

■ One who carries on an abnormally dangerous activity is strictly liable for harm resulting from the activity. *Branch v. Western Petroleum, Inc.,* 657 P.2d 267, 274–75 (Utah 1982). In determining whether a particular activity is abnormally dangerous, the following factors are to be considered:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts § 520 (1976).

Applying these factors to the facts of the instant case, we conclude that La Sal and Rio Vista were not engaged in an abnormally dangerous activity in operating their gas stations. The Walkers argue that operating a gas station with underground gasoline storage tanks and lines is abnormally dangerous because of the possibility that the tanks and lines will leak and that, if a leak occurs, the resulting contamination is likely to be extensive. However, the Walkers do not contend that the risk of leakage is great, and we are not convinced that the risk cannot be eliminated by the exercise of reasonable care. Moreover, it is undisputed that defendants' gas stations are located in an area of Moab where the operation of a gas station is common, appropriate, and of significant value to the community. Accordingly, we conclude that La Sal and Rio Vista were not engaged in an abnormally dangerous activity in operating their gas stations.

In sum, we reverse the district court's dismissal of the Walkers' claims for nuisance and trespass and remand for further proceedings consistent with this opinion. As to the Walkers' remaining claims, we affirm.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.