2002 UT 53

**BREIGGAR PROPERTIES, L.C., a Utah limited liability company, Plaintiff and Appellant,**

v.

**H.E. DAVIS & SONS, INC., a Utah corporation, and Sundance Development Corporation, a Utah corporation, Defendants and Appellee.**

No. 20000882.

Supreme Court of Utah.

June 7, 2002.

John C. Rooker, Salt Lake City, for plaintiff.

Stephen Quesenberry, Provo, David P. Williams, Eric K. Schnibbe, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Breiggar Properties, L.C., ("Breiggar") appeals from the trial court's grant of summary judgment in favor of H.E. Davis & Sons, Inc. ("Davis"). Because Breiggar's complaint was barred by the three-year statute of limitations in section 78–12–26(1) of the Utah Code, we affirm.

## BACKGROUND

¶ 2 In reviewing a trial court's grant of summary judgment, we view all the facts and the reasonable inferences drawn from them in a light most favorable to the non-moving party. *E.g.*, *Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, ¶ 7, 42 P.3d 379.

¶ 3 Davis entered into an agreement with the Utah Department of Transportation ("UDOT") to do slope work, rock removal, and shoulder-widening work on a portion of State Road 92. In the course of this work, Davis dumped rocks, soil, and other debris on property owned by Breiggar, without Breiggar's permission or knowledge. Davis completed the work by December 10, 1996.

¶ 4 In September 1997, Breiggar discovered that debris had been dumped on its property. Breiggar demanded that Davis remove the debris and attempted to negotiate a settlement of the dispute. After negotiations failed, Breiggar filed a complaint on March 21, 2000, against Davis and Sundance Development Corporation ("Sundance"),[1] alleging causes of action for trespass, continuing trespass, and negligence.

¶ 5 Before the trial court, Davis moved for summary judgment on the grounds that (1) the three-year statute of limitations in section 78–12–26(1) of the Utah Code barred Breiggar's trespass and negligence claims, and (2) the debris did not constitute a continuing trespass, thereby rendering the claim time barred as well. Breiggar responded by arguing that (1) the discovery rule should be changed and applied to toll the statute of limitations for the trespass claim and (2) the statute of limitations did not bar the continuing trespass claim. Breiggar likewise moved for summary judgment in its favor.

¶ 6 The trial court granted Davis' motion, and, noting that both parties conceded "that the debris was not placed on Plaintiff's property after December 10, 1996," held that the trespass was permanent and that, therefore, as the three-year statute of limitations began to run by December 10, 1996, the complaint—filed on March 21, 2000—was time barred. The trial court declined to modify the discovery rule. Breiggar appeals.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶ 7 The determinative issue before us is whether Breiggar's complaint was barred by the statute of limitations in section 78–12–26(1) of the Utah Code.[2] The proper applica-

---

1. The role of Sundance in this case is unclear from the record, as is the precise relationship between Sundance, Davis, and UDOT. However, the trial court stated that its decision applied to both Sundance and Davis, a determination which neither party has opposed. Likewise, our holding applies to both Sundance and Davis, and any reference to one party incorporates the other.

2. Breiggar also raises the issue of whether the discovery rule should be broadened to toll the statute of limitations until a plaintiff knows or should know of its claim. The discovery rule allows for tolling in several instances, including in "exceptional circumstances" when "application of the general rule would be irrational or unjust." *Walker Drug Co. v. La Sal Oil Co.*, 902 P.2d 1229, 1231 (Utah 1995) (*"Walker I"*) (quoting *Warren v. Provo City Corp.*, 838 P.2d 1125, 1129 (Utah 1992)). Breiggar concedes that it cannot satisfy these standards but argues that application of the discovery rule as articulated in *Walker I* would be inequitable and that the rule should consequently be broadened and applied. We see no "exceptional circumstances" in this case and see no reason to modify the current discovery rule.

tion of the statute of limitations hinges on the distinction between permanent and continuing trespass. In addressing this issue, we consider only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact exist. *See, e.g., Pigs Gun Club, Inc. v. Sanpete County,* 2002 UT 17, ¶ 7, 42 P.3d 379.

## ANALYSIS

### I.  CHARACTERIZATION OF TRESPASS

■ ¶ 8 The dispute before us today arises out of confusion created by the seemingly different application of the statute of limitations to a trespass depending on whether the trespass is characterized as permanent or continuing. We have previously addressed this issue in *Walker Drug Co. v. La Sal Oil Co.,* which explains:

> When a cause of action for nuisance or trespass accrues for statute of limitations purposes depends on whether the nuisance or trespass is permanent or continuing. Where a nuisance or trespass is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the nuisance or trespass is created. However, if the nuisance or trespass may be discontinued at any time it is considered continuing in character.... [I]n the case of a continuing trespass or nuisance, the person injured may bring successive actions for damages until the nuisance [or trespass] is abated, even though an action based on the original wrong may be barred, but recovery is limited to actual injury suffered within the three years prior to commencement of each action.

902 P.2d 1229, 1232 (Utah 1995) (citations, alterations, and quotations omitted) ("*Walker I*"). Under *Walker I,* if a trespass is characterized as permanent, the statute of limitations begins to run from the time the trespass is created, and the trespass may not be challenged once the limitations period has run. If, on the other hand, the trespass is characterized as continuing, the trespass may be challenged at any time, but recovery is limited. While these concepts may be clear, we acknowledge that characterizing a trespass as permanent or continuing can be confusing with only the standard articulated in *Walker I.*

¶ 9 In the instant case, Breiggar asserts that the debris dumped by Davis constitutes a continuing trespass. In support of this assertion, Breiggar suggests that Utah law on the characterization of permanent and continuing trespasses is unclear, and that a "reasonable abatability" test, adopted by several other jurisdictions, should be adopted here. *See, e.g., Mangini v. Aerojet–General Corp.,* 12 Cal.4th 1087, 51 Cal.Rptr.2d 272, 912 P.2d 1220, 1225–30 (1996). We disagree that a "reasonable abatability" test should be adopted and take this opportunity to clarify the distinction between permanent and continuing trespasses under Utah law.

■ ¶ 10 In *Walker Drug Co. v. La Sal Oil Co.,* 972 P.2d 1238 (Utah 1998) ("*Walker II*"), we explained that, "[w]hether [a] trespass ... is continuous or permanent is a different question from whether the resulting injury ... is temporary or permanent.... A continuing trespass may cause either a permanent or a temporary injury." *Id.* at 1246 n. 9. As *Walker II* makes clear, in classifying a trespass as permanent or continuing, we look solely to the *act* constituting the trespass, and not to the *harm* resulting from the act.[3]

■ ¶ 11 Under this view, the difference between a permanent or continuing trespass is purely semantic. Once an *act* of trespass has occurred, the statute of limitations begins to run. If there are multiple acts of trespass, then there are multiple causes of action, and the statute of limitations begins to run anew with each act. We characterize a trespass as "permanent" to acknowledge that the act or acts of trespass have ceased to occur. We characterize a trespass as "continuing" to acknowledge that multiple acts of trespass have occurred, and continue to occur, and that, in the event the statute of limitations has run on prior acts of trespass,

---

**3.** Because we look to the *act* constituting the trespass, Utah law cannot support a "reasonable abatability" test, which looks at the *harm* caused by the trespass.

recovery will only be allowed for those acts which are litigated in a timely fashion. Thus, as we explained in *Walker I*, "in the case of a continuing trespass ... the person injured may bring successive actions for damages until the [trespass] is abated, even though an action based on the original wrong may be barred, but recovery is limited to actual injury suffered within the three years prior to commencement of each action." 902 P.2d at 1232 (internal quotations, alterations, and citations omitted).

¶ 12 The same position has been taken by the Massachusetts Supreme Court in *Carpenter v. Texaco, Inc.*, 419 Mass. 581, 646 N.E.2d 398 (1995). *Carpenter* involved the release of gasoline from an underground tank, which seeped onto the plaintiff's property no later than 1984. *Id.* at 399. The plaintiff brought suit in 1991, alleging a continuing trespass. *Id.* In holding that the suit was barred by the statute of limitations, the Massachusetts Supreme Court rejected the characterization of the trespass as continuing, noting that "a continuing trespass ... must be based on recurring tortious or unlawful *conduct* and is not established by the continuation of *harm* caused by previous but terminated tortious or unlawful conduct." *Id.* (emphasis added). Thus, the court looked solely to the act of trespassing to determine whether the trespass was continuing, ignoring the injury caused by the trespass. The Massachusetts Supreme Court reaffirmed this principle in *Taygeta Corp. v. Varian Assocs., Inc.*, 436 Mass. 217, 763 N.E.2d 1053, 1064–65 (2002), again making a clear distinction between the act of trespassing and the injury caused by that act. *Id.* at 1065 (citing, inter alia, *Walker II*, 972 P.2d at 1246 n. 9).

¶ 13 By classifying acts of trespass in this manner, we give full effect to the intent of the Utah Legislature in adopting a three-year statute of limitations for trespass. *See* Utah Code Ann. § 78–12–26(1) (1996) (setting forth a three-year limitations period for trespass); *cf. Carpenter*, 646 N.E.2d at 400 ("We decline to recognize ... a continuing trespass ... concept ... because, in adopting a three-year statute of limitations ... the Legislature stated a guiding public policy."). To hold otherwise by, for example, adopting

a reasonable abatability test as advocated by Breiggar, would allow a plaintiff to bring a complaint against any trespasser—even if the act of trespass occurred decades earlier—as long as the harm caused by the trespass could be reasonably abated. Such a view would clearly undermine the purposes behind statutes of limitations. *See, e.g., Vigos v. Mountainland Builders, Inc.*, 2000 UT 2, ¶ 22, 993 P.2d 207 ("Statutes of limitations are intended to prevent unfair dilatory litigation against a defendant and to require that claims be litigated while proper investigation and preservation of evidence can occur."); *Horton v. Goldminer's Daughter*, 785 P.2d 1087, 1091 (Utah 1989) ("In general, statutes of limitation are intended to compel the exercise of a right of action within a reasonable time and to suppress stale and fraudulent claims so that claims are advanced while evidence to rebut them is still fresh."). While we do not condone acts of trespass, we agree with the Massachusetts Supreme Court that in cases of trespass, "plaintiffs [are] obliged to protect their own interests by timely action." *Carpenter*, 646 N.E.2d at 400.

## II. APPLICATION TO BREIGGAR'S COMPLAINT

¶ 14 With the foregoing legal principles in mind, we look to the record before the trial court at the time it made its ruling to determine when the statute of limitations began to run on Breiggar's causes of action. The uncontested facts before the trial court established that the act of trespass—the dumping of debris by Davis onto Breiggar's property—occurred not later than December 10, 1996. The trial court correctly determined that the applicable statute of limitations is found in section 78–12–26(1) of the Utah Code, which provides for a three-year limitations period. Because the date was not contested, the trial court was correct in holding as a matter of law that the act of trespass occurred by December 10, 1996, and that, consequently, the three-year statute of limitations began to run on that date. The fact that the pile of debris continued to remain on Breiggar's property, or the possibility that it could be reasonably abated is irrelevant to this conclusion. Thus, Breiggar was required to file its complaint by December 10,

1999, in order to be within the three-year limitations period. *See* Utah Code Ann. § 78–12–26(1) (1996). Breiggar's complaint—filed March 21, 2000—was not timely filed and was therefore barred by the statute of limitations. Thus, because the trial court "correctly applied the law and correctly concluded that no disputed issues of material fact existed," *Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, ¶ 7, 42 P.3d 379 (citations and quotations omitted), we affirm the trial court's grant of summary judgment in favor of Davis.

## CONCLUSION

¶ 15 It was undisputed before the trial court that the act of trespass occurred, at the latest, on December 10, 1996. This date marked the beginning of the three-year limitations period. Breiggar's suit was filed after the limitations period expired and was, therefore, time barred. Accordingly, we affirm the trial court's grant of summary judgment.

¶ 16 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice RUSSON concur in Justice WILKINS' opinion.