2006 UT App 387

**SYCAMORE FAMILY, L.L.C.; and Leland Sycamore, Plaintiffs and Appellants,**

v.

**VINTAGE ON THE RIVER HOME-OWNERS ASSOCIATION, INC.; BTS Investments, Inc.; and Scott McQuarrie, Defendants and Appellees.**

No. 20050648–CA.

Court of Appeals of Utah.

Sept. 21, 2006.

Gregory Hansen, Duval Haws & Frei, PC, American Fork, for Appellants.

Clay W. Stucki, Bennett Tueller Johnson & Deere, LLC, John D. Richards III, and Samuel E. Bell, Salt Lake City, for Appellees.

Before Judges BILLINGS, DAVIS, and ORME.

## MEMORANDUM DECISION

DAVIS, Judge.

¶ 1 Plaintiffs Sycamore Family, L.L.C. and Leland Sycamore appeal the trial court's order granting Defendants' motion to dismiss for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 12(b)(6). We affirm.

¶ 2 The trial court determined that the underground pipes and manhole on Plaintiffs' property constitute a permanent trespass and concluded that the three-year limitations period had run by the time Plaintiffs filed their trespass and nuisance claims. *See* Utah Code Ann. § 78–12–26(1) (2002). Plaintiffs appeal the order, contending that the pipes and manhole constitute a continuing trespass that is not barred by the limitations period.[1] We review the trial court's dismissal based on the running of the statute of limitations for correctness, accepting Plaintiffs' factual allegations and construing all reasonable inferences drawn from those allegations in a light most favorable to Plaintiffs. *See Clarke v. Living Scriptures, Inc.,* 2005 UT App 225, ¶ 6, 114 P.3d 602.

¶ 3 The distinction between a permanent and continuing trespass in Utah is defined in *Breiggar Properties, L.C. v. H.E. Davis & Sons, Inc.*:

---

1. Because we conclude the limitations period has run, we need not address the other issues raised by Plaintiffs on appeal.

"When a cause of action for nuisance or trespass accrues for statute of limitations purposes depends on whether the nuisance or trespass is permanent or continuing. Where a nuisance or trespass is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the nuisance or trespass is created. However, if the nuisance or trespass may be discontinued at any time it is considered continuing in character.... [In such a case], the person injured may bring successive actions for damages until the nuisance [or trespass] is abated...."

2002 UT 53, ¶ 8, 52 P.3d 1133 (first and third alterations in original) (quoting *Walker Drug Co. v. La Sal Oil Co.*, 902 P.2d 1229, 1232 (Utah 1995)). The court noted that the distinction between a permanent and continuing trespass is "purely semantic" and that the crux of the analysis is whether a single act of trespass has occurred or whether multiple acts of trespass continue to occur. *Id.* at ¶ 11. In *Breiggar*, the court concluded that debris dumped on a property constituted a permanent trespass because the trespass amounted to a single act of dumping. *See id.* at ¶ 14. Here, Plaintiffs contend that, unlike the pile of debris in *Breiggar*, the underground pipes constitute a continuing trespass because water and sewage from other prop-

erties flow through them on a continual basis, albeit underground and out of sight.[2]

¶ 4 Plaintiffs' contention requires us to consider the nature of the two components of the trespass here: the pipes themselves and the contents of the pipes. We first conclude that the pipes themselves are permanent trespasses because, far from being an intermittent invader, they have been a fixture on the land for several years, and their installation amounts to a single act with a single impact on the land. Although the water and sewage flowing through the pipes were not part of the single act of installation, we conclude that such contents do not constitute a new trespass. "The essential element of trespass is physical invasion of the land," *Walker Drug Co. v. La Sal Oil Co.*, 972 P.2d 1238, 1243 (Utah 1998), or in other words, there must be an "encroachment on the rights of another," *Black's Law Dictionary* 829 (7th ed.1999) (defining "invasion"). Absent an allegation that the contents of the pipes have leaked or otherwise affected the land, the wholly enclosed contents of the pipes do not constitute a new encroachment onto the land. Accordingly, regardless of whether the pipes are empty or full, the encroachment on Plaintiffs' rights to the property is the same.[3]

¶ 5 Because both the pipes and their contents constitute a permanent trespass, we

2. We do not address the legal implications of a future leak or access to the pipes and related manhole for future maintenance because such issues, while touched upon in oral argument before this court, were neither raised in nor considered by the trial court.

3. Plaintiffs contend that the limitations period should be tolled under the discovery rule because, as they claim, Defendants sought to conceal the location of the pipes. Generally, "[m]ere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period." *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741. Nonetheless, the limitations period is tolled when a defendant affirmatively or fraudulently conceals a plaintiff's cause of action. *See id.* at ¶ 28.

In the present case, Plaintiffs allege that Defendants sought to conceal the pipes by failing to properly record the easement and by "engag[ing] in and/or commission[ing] road and bridge con-

struction along the side of [Plaintiffs'] land which concealed the existence of the manhole on [Plaintiffs'] land." Even if we accept these allegations as true, Plaintiffs fail to state a prima facie case for concealment. Plaintiffs have not shown that they "did not know of and could not reasonably have known of the existence of the [pipes] ... within the limitation period." *Warren v. Provo City Corp.*, 838 P.2d 1125, 1129–30 (Utah 1992). Their argument for concealment is undermined by the fact that a map of the easements was on file with the Provo City Public Works office, and they have provided no competent authority or analysis establishing why the map would not provide constructive notice. *See Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 46, 70 P.3d 904 (noting that we may decline to review an argument imposing on us "the burden of argument and research" (quotations and citation omitted)). Moreover, even if we accept Plaintiffs' allegation that Defendants engaged in road and bridge construction, we cannot assume or reasonably infer that such operations amounted to an effort to affirmatively or fraudulently conceal the manhole from Plaintiffs.

agree with the trial court's conclusion that the statute of limitations has run.

¶ 6 Affirmed.

¶ 7 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.