IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Fernando Orosco, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20120013-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 29, 2012) |
| Clinton City, | ) | |
| | ) | 2012 UT App 334 |
| Defendant and Appellee. | ) | |

-----

Second District, Farmington Department, 100700782
The Honorable David R. Hamilton

Attorneys:     Zane S. Froerer, Ogden, for Appellant
               David L. Church, Salt Lake City, for Appellee

-----

Before Judges Davis, Thorne, and Christiansen.

DAVIS, Judge:

¶1     Fernando Orosco appeals the trial court's grant of summary judgment in favor of Clinton City (the City), arguing that the trial court erroneously concluded that even if the continuing tort doctrine applied, Orosco's claims were barred by the statute of limitations. We reverse and remand.

¶2     "A challenge to a summary judgment presents solely a question of law that we review for correctness. We assess only whether the trial court erred in applying the governing law and whether the trial court correctly held that there [were] no disputed issues of material fact." *Walker Drug Co. v. La Sal Oil Co.* (*Walker II*), 972 P.2d 1238, 1243 (Utah 1998) (citations and internal quotation marks omitted).

## I. The Continuing Tort Doctrine

¶3     The characterization of a tort as continuing or permanent is important for statute of limitations purposes. *See Walker Drug Co. v. La Sal Oil Co.* (*Walker I*), 902 P.2d 1229, 1232 (Utah 1995). "Where a nuisance [or trespass] is of such character that it will presumably continue indefinitely it is considered permanent, and the limitations period runs from the time the [tort] is created." *Id.* (first alteration in original) (citation and internal quotation marks omitted).

> However, if the [tort] may be discontinued at any time it is considered continuing in character. Under theories of continuing trespass or nuisance, each harmful act constitutes a new cause of action for statute of limitations purposes. Therefore, in the case of a continuing trespass or nuisance, the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred, but [r]ecovery is limited . . . to actual injury suffered [within the applicable limitations period] prior to commencement of each action.[1]

---

1.  The difference between a continuing tort and a permanent tort may be better explained by example. *Compare Cannon v. United States*, 338 F.3d 1183, 1193–94 (10th Cir. 2003) (applying Utah law and concluding that a "'debris field' of exploded and unexploded ordnance and chemical contamination on and under the surface" of the plaintiff's property did not constitute a continuing trespass where the tortious conduct resulting in the trespass ceased in 1945, and noting that the continuing harm of the trespass is irrelevant for the application of the continuing tort doctrine), *and Breiggar Props., LC v. H.E. Davis & Sons, Inc.*, 2002 UT 53, ¶ 14, 52 P.3d 1133 (determining that a pile of debris amounted to a permanent, not continuing, trespass on the plaintiff's property), *with Bingham v. Roosevelt City Corp.*, 2010 UT 37, ¶¶ 58–59, 235 P.3d 730 (characterizing the city's continued pumping of specific wells "in a manner that unreasonably disregard[ed] the potential harm that [would] flow to nearby landowners" as a continuing tort), *Ludlow v. Colorado Animal By-Products Co.*, 137 P.2d 347, 352, 354 (Utah 1943) (affirming the trial court's determination that the stench produced by an animal rendering plant constituted a continuing nuisance because the

(continued...)

*Id.* (second alteration and omission in original) (citations and internal quotation marks omitted); *accord Breiggar Props., LC v. H.E. Davis & Sons, Inc.*, 2002 UT 53, ¶ 11, 52 P.3d 1133 ("If there are multiple acts of trespass, then there are multiple causes of action, and the statute of limitations begins to run anew with each act. We characterize a trespass as 'permanent' to acknowledge that the act or acts of trespass have ceased to occur. We characterize a trespass as 'continuing' to acknowledge that multiple acts of trespass have occurred, and continue to occur, and that, in the event the statute of limitations has run on prior acts of trespass, recovery will only be allowed for those acts which are litigated in a timely fashion.").

¶4    Here, Orosco's complaint alleges that the City's culinary water system was leaking in a manner that caused flooding in the basement of his home "each year from 2005 through [2010]," and produced various sinkholes on his property. He sought damages on theories of negligence and nuisance. Because Orosco alleged that "multiple acts of" flooding have occurred throughout a five-year span and "continue[d] to occur" at the time Orosco filed his complaint, we determine that the continuing tort doctrine applies. *See Breiggar Props.*, 2002 UT 53, ¶ 11; *see also Bingham v. Roosevelt City Corp.*, 2010 UT 37, ¶ 56, 235 P.3d 730 (recognizing that the continuing tort doctrine applies in nuisance claims and extending the doctrine to negligence claims); *cf. Sycamore Family, LLC v. Vintage on the River Homeowners Ass'n, Inc.*, 2006 UT App 387, ¶¶ 3–4, 145 P.3d 1177 (mem.) (noting that although the pipes installed under the plaintiffs' property

---

1. (...continued)
nuisance was recurring—it was temporarily abated when the plant was destroyed by a fire and restarted after the plant was rebuilt), *Peteler v. Robison*, 17 P.2d 244, 245, 247–48 (Utah 1932) (describing the defendant's negligent medical treatment of the plaintiff that started with an allegedly botched tonsillectomy and continued until four months before the plaintiff filed a complaint with the defendant's ongoing negligent treatment of the plaintiff's medical complications arising in the wake of that surgery as a continuing tort), *and Thackery v. Union Portland Cement Co.*, 231 P. 813, 814 (Utah 1924) (classifying as a continuing nuisance the recurrent invasion of cement dust onto the plaintiff's property from the defendant's nearby cement plant, and noting that even though the "structure was permanent," the nuisance experienced by the plaintiff was "dependent largely upon the extent to which the plant [was] in operation and the condition of the elements, particularly direction of the wind" (citation and internal quotation marks omitted)).

constituted a permanent trespass, if "the contents of the pipes ha[d] leaked or otherwise affected the land," it might have changed the trespass to a continuing trespass).

## II. Statute of Limitations

¶5     A one-year statute of limitations applies in this case, as established by the Utah Governmental Immunity Act (the UGIA). *See* Utah Code Ann. § 63G-7-402 (LexisNexis 2011). That limitations period began running when Orosco's claim against the City accrued, i.e., "upon the happening of the last event necessary to complete the cause of action," *see Berenda v. Langford*, 914 P.2d 45, 50 (Utah 1996) (citation and internal quotation marks omitted), or when Orosco "knew, or with the exercise of reasonable diligence should have known: (i) that [he] had a claim against [a] governmental entity . . . and (ii) the identity of [that] governmental entity," *see* Utah Code Ann. § 63G-7-401(1)(b). *See also id.* § 63G-7-401(1)(a) ("Except as provided in Subsection (1)(b), a claim arises when the statute of limitations that would apply if the claim were against a private person begins to run."). We agree with the trial court's determination that February 2009, around when Orosco prepared and sent a letter to the City's insurance carrier requesting damages and describing the ongoing flooding problems at his house and his belief that the source of the flooding was the City's culinary water system, was the latest time his claim for damages occurring prior to that date could have accrued.

¶6     To comply with that one-year statute of limitations, Orosco was required to "file a written notice of claim with the [governmental] entity before maintaining an action" within one year of February 2009. *See id.* § 63G-7-401(2); *id.* § 63G-7-402. "The notice of claim shall set forth: (i) a brief statement of the facts; (ii) the nature of the claim asserted; [and] (iii) the damages incurred by the claimant so far as they are known . . . ." *Id.* § 63G-7-401(3)(a)(i)–(iii).[2]

---

2.  Additionally, the UGIA requires that a complaint be filed within one year of the denial of a claimant's notice of claim or, in the event that no formal denial is issued, that a complaint be filed within one year and sixty days of the date the notice of claim was filed. *See* Utah Code Ann. § 63G-7-403 (LexisNexis 2011). Orosco's complaint was filed on December 28, 2010, well within one year and sixty days of his May 2010 notice of claim.

¶7    The parties do not dispute that Orosco filed a notice of claim in May 2010.[3] The trial court granted summary judgment in favor of the City, concluding that Orosco's notice of claim was untimely because his claim had accrued in February 2009, and he did not file his notice of claim until May 2010, more than one year later. The trial court reached this conclusion assuming that the continuing tort doctrine applied. Orosco seems to argue in his opening brief that the continuing tort doctrine negates the application of the statute of limitations in its entirety. We disagree with Orosco's interpretation, but we also disagree with the trial court's conclusion.

¶8    Assuming that city water had, in fact, been flooding Orosco's property at least once a year throughout the five-year period preceding the filing of his complaint, under the continuing tort doctrine, each new incident of flooding constitutes a new cause of action "and the statute of limitations begins to run anew with each act." *See Breiggar Props., LC v. H.E. Davis & Sons, Inc.*, 2002 UT 53, ¶ 11, 52 P.3d 1133. Thus, the "continuing" designation "acknowledge[s] that multiple" incidents of flooding "have occurred, and continue to occur." *Id.* Nevertheless, where, as here, the statute of limitations has run on prior incidents of flooding, "recovery will only be allowed for those acts which are litigated in a timely fashion." *Id.* This language from *Breiggar Properties* indicates that acts amounting to continuing torts must, despite the designation as "continuing," be "litigated in a *timely* fashion," thereby recognizing that

---

3. We cannot find record support for this date, and in fact, the record contains a document titled "Notice of Claim" that is dated September 20, 2010. Nonetheless, we adopt the May 2010 date that the parties do not dispute. Additionally, the City suggests that we determine that the February 2009 letter amounted to Orosco's notice of claim, which would ensure that Orosco's cause of action is barred by the UGIA's one-year statute of limitations. However, it is plain that the letter is not a notice of claim as such notices are described by the UGIA. *See generally* Utah Code Ann. § 63G-7-401(3) (listing several elements that must be contained in a notice of claim and describing with specificity how and to whom a notice of claim must be delivered); *Gurule v. Salt Lake Cnty.*, 2003 UT 25, ¶ 7, 69 P.3d 1287 (declining to permit "reasonably strict compliance with the statute['s]" notice of claim requirement, and noting that "[t]he only authority for allowing less than strict compliance [with the UGIA's requirements] is found in cases which depended upon ambiguities in the Act"); *Rushton v. Salt Lake Cnty.*, 1999 UT 36, ¶ 19, 977 P.2d 1201 (recognizing that Utah appellate courts "have consistently required strict compliance with the [notice of claim] requirements of the [UGIA]").

statutes of limitations apply to bar the untimely litigation of continuing torts. *Id.* ¶ 11 (emphasis added); *see also Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003) (rejecting a claim for continuing trespass on timeliness grounds). Further, a contrary interpretation would undermine the efficacy of the UGIA's one-year limitation period and "the intent of the Utah Legislature in adopting" it. *See generally Breiggar Props.*, 2002 UT 53, ¶ 13. Thus, we reject Orosco's assertion that the continuing nature of the tort precludes application of the statute of limitations to his claims for damages occurring more than one year before his May 2010 notice.

¶9     The trial court's decision to grant summary judgment in favor of the City, however, was also incorrect. "A motion for summary judgment should be granted only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Lovendahl v. Jordan Sch. Dist.*, 2002 UT 130, ¶ 13, 63 P.3d 705. "In reviewing a summary judgment, we consider the facts in the light most favorable to the nonmoving party." *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 972 (Utah 1993). Here, Orosco alleged in his complaint and in an affidavit supporting his opposition to the City's motion for summary judgment that the flooding continued through 2010. *See generally* Utah R. Civ. P. 56(e). Though Orosco's claim for the February 2009 incident of flooding may be time-barred by the UGIA, Orosco asserts that flooding continued throughout 2009 and 2010. The City does not dispute this factual assertion. We are thus left with the presumption that flooding did indeed continue throughout 2009 and 2010 and, so long as at least one additional incident occurred within one year of the May 2010 notice of claim, Orosco's action is not untimely.[4]

¶10     Consequently, summary judgment was inappropriate. The trial court's dismissal is reversed, and the case is remanded for further proceedings in accordance with this opinion.

---

4. The City argues that because Orosco has not asserted any specific claims of damages for the flooding that allegedly continued throughout 2009 and 2010, Orosco's claim must fail and he is left with the option of taking up the subsequent flooding incidents in separate actions. We disagree. Orosco pleaded enough facts as to damages from the alleged 2009 and 2010 flooding incidents to at least survive summary judgment. However, the damages he may recover will be limited to those sustained within the one-year limitations period prior to the 2010 filing of this action. *See Walker I*, 902 P.2d 1229, 1232 (Utah 1995).

_____

James Z. Davis, Judge

-----

¶11    WE CONCUR

_____

William A. Thorne Jr., Judge

_____

Michele M. Christiansen, Judge