2016 UT App 196

## THE UTAH COURT OF APPEALS

BOYD J. EARL AND GAIL EARL,
Appellants,
*v.*
LAVERKIN CITY,
Appellee.

Opinion
No. 20150546-CA
Filed September 15, 2016

Fifth District Court, St. George Department
The Honorable Jeffrey C. Wilcox
No. 120500450

Gary G. Kuhlmann and Nicolas D. Turner,
Attorneys for Appellants

David L. Church, Attorney for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES GREGORY K. ORME and KATE A. TOOMEY concurred.

VOROS, Judge:

¶1     Boyd J. Earl and Gail Earl sued LaVerkin City for
negligence after they slipped and fell on gravel the City had
placed near the Earls' driveway as part of a road construction
project. As required by the Governmental Immunity Act, the
Earls filed notices of claim within one year after each fall that
resulted in injury. On summary judgment, the district court
dismissed the Earls' complaint on the ground that the one-year
limitations period ran from the date the City completed road
construction, not the dates the Earls slipped and fell. However, a
claim for negligence does not accrue until the plaintiff has
suffered an actual injury as a result of negligent conduct. We
therefore conclude that the Earls' negligence claims did not
accrue until they suffered actual injuries. Their notices of claim

were thus timely filed. We accordingly reverse the summary judgment and remand the case for further proceedings.

BACKGROUND[1]

¶2     In 2006, the City began a road improvement project on the road next to the Earls' driveway. The project culminated in the road being significantly elevated. The City deposited dirt and gravel at the end of the driveway, increasing its pitch. The Earls, their tenant, and some visitors to their property all filed affidavits with the City in 2007. The affidavits complained about the construction and alleged that several people had slipped and fallen due to the steep incline. Even the City's attorney slipped and fell while inspecting the driveway. After numerous meetings between the Earls and the City, the City agreed to reconstruct the road in front of the Earls' home, but never completed the reconstruction project.

¶3     On September 22, 2010, Boyd Earl slipped and fell on the driveway, suffering an injury. On May 23, 2011—less than one year later—he filed a notice of claim with the City. In October 2010, Gail Earl also slipped and fell on the driveway, suffering an injury. And on June 6, 2011, Boyd Earl again slipped and fell on the driveway, suffering another injury. On July 20, 2011—less than one year later—the Earls each filed a separate notice of claim with the City based on their respective 2010 and 2011 falls.

¶4     On July 20, 2012, the Earls sued the City, alleging negligence. The City moved for summary judgment on the ground that the Earls' notices of claim "were not timely filed and

---

1. We "review the district court's grant of summary judgment de novo, reciting all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party." *Poteet v. White*, 2006 UT 63, ¶ 7, 147 P.3d 439.

that the City owed no duty of care to the Earls." On May 28, 2015, following oral arguments, the district court denied the motion for summary judgment with respect to the duty of care. But it dismissed the Earls' claims with prejudice on the ground that the Earls "did not file their notices of claims with the City within one year from the time that the City altered the road." The Earls appeal the dismissal.

## ISSUE AND STANDARD OF REVIEW

¶5    The Earls contend that the district court "improperly interpreted the statute of limitations provision of the Governmental Immunity Act of Utah" by requiring them to file their notices of claim with the City within one year from the date the City raised the road in front of their home rather than one year from the date they actually sustained injuries due to the City's alleged negligence. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

## ANALYSIS

¶6    The Earls contend that the district court "improperly interpreted the statute of limitations provision of the Governmental Immunity Act of Utah." They argue that the limitations period for filing a notice of claim began to run when they suffered their respective injuries, not when the City completed its allegedly negligent road construction. The district court ruled that the Earls were required to file their notices "within one year from the time that the City altered the road which is at the core of the Plaintiffs' Complaint."

¶7    "A claim against a governmental entity . . . is barred unless notice of claim is filed . . . within one year after the claim arises." Utah Code Ann. § 63G-7-402 (LexisNexis 2014). Under the Governmental Immunity Act, "a claim arises when the statute of limitations that would apply if the claim were against a private person begins to run." *Id.* § 63G-7-401(1)(a). The "general rule regarding statutes of limitations is that the limitation period begins to run when the last event necessary to complete the cause of action occurs." *Sevy v. Security Title Co. of S. Utah*, 902 P.2d 629, 634 (Utah 1995).

¶8    "The general rule is that a cause of action for negligence does not accrue or vest until the plaintiff has suffered injury as a result of negligent conduct." *Payne ex rel. Payne v. Myers*, 743 P.2d 186, 190 (Utah 1987). Thus, "until there is actual loss or damage . . . a claim for negligence is not actionable." *Seale v. Gowans*, 923 P.2d 1361, 1364 (Utah 1996) (citations and internal quotation marks omitted). Our cases require more than the possibility, or even the probability, of loss to trigger a claim of negligence; the plaintiff must "suffer an actual loss." *Tuttle v. Olds*, 2007 UT App 10, ¶ 12, 155 P.3d 893.

¶9    Under these authorities, the Earls' notices of claim were timely. The Earls alleged negligence claims arising from actual injuries suffered in 2010 and 2011. They filed their notices of claim within one year after each of these injuries occurred. They could not have filed their notices of claim for these injuries before 2010 because those injuries had not yet occurred.

¶10    The City maintains that its affirmative acts all "occurred before 2007, and the Earls knew at that time, not only what the City had done, but what the consequences to the City's acts were. They knew that . . . there was the potential that people, including themselves, could and would slip and fall." This may well be true. But *Tuttle* explains that a potential loss or even a probable loss does not trigger a claim for negligence; the plaintiff must suffer an actual loss. *Id.* The City also notes that the Earls

"allege[d] that they [each] had slipped and fallen on the driveway prior to 2007 and that their slips were caused by the City." If the Earls were suing based on injuries suffered in 2007, their notices of claim would indeed be untimely. But their causes of action rely only on the 2010 and 2011 falls, not the earlier falls.

¶11    Finally, the City argues that the Earls' "claim is essentially a trespass claim." Consequently, they reason, *Breiggar Properties, LC v. H.E. Davis & Sons, Inc*., 2002 UT 53, 52 P.3d 1133, a trespass case, governs the question of when the Earls' cause of action arose. *See id.* ¶ 11. We disagree. "Negligence claims have four distinct elements—duty, breach, causation, and damages." *Scott v. Universal Sales, Inc*., 2015 UT 64, ¶ 25, 356 P.3d 1172. The Earls' complaint alleges that the Earls slipped and fell, suffering personal injuries; that the City had a duty of care; that the City breached that duty; and that the City's breach was the actual and proximate cause of the Earls' injuries. We readily recognize this complaint as alleging negligence, not trespass.[2]

## CONCLUSION

¶12    For the foregoing reasons, the judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.

——————

2. One commits trespass, whether or not they cause any actual harm, if they without consent or authority intentionally enter or remain on land in the possession of another or fail to remove from the land something they are under a duty to remove. *See Restatement (Second) of Torts* § 158 (Am. L. Inst. 1965).